## THE OHIO SUPREME COURT

17808—David Jones, a minor, etc., v. The Newton Steel Co.; motion by defendant to strike petition in error from files.

17887—Stanley Klonowski v. Franciszex Monozewski; Cuyahoga County; motion to certify record.

17884—Emil Renkel v. Industrial Commission of Ohio; Cuyahoga County; motion to certify record.

17885—Susie Ross Hopper v. George D. Meeker; Hamilton County; motion to certify record.

17886—Walter K. Richards et al v. The City of Findlay et al; Hancock County; motion to certify record.

---

### SUPREME COURT OF OHIO
#### March 13, 1923

---

#### Syllabi

No. 17572—The Ohio Collieries Company v Elizabeth Cooke. Error to the Court of Appeals of Perry county.

No. 1708—The National Coal Company v. John Goffee and Mary Goffee. Error to the Court of Appeals of Guernsey county.

MINES AND MINING—(1) Right of subjacent support—(2) Sale of coal right not a release of —(3) Measure of damages, as to resulting failure of water—(4) Injury to buildings by owner of underlying coal—(5) Rights of surface owner—Possibility of restoration as affecting measure of damages.

DAY, J.:

1. The right of subjacent support of the surface in its natural state is a right the owner has regardless of whether mining operations thereunder were conducted in a negligent manner, or not.

2. A sale of all the coal under a tract of land is not, in terms or by necessary implication, a release of the right to surface support, but such waiver must appear by express grant, or the instrument conveying the estate clearly import such release.

3. In an action against a coal mining company to recover damages caused by removal of subjacent support, with resulting failure of colating water supplying a spring or well, the loss of such spring or well may be considered as an element going to make up the value of the tract of land as a whole, and the damages are to be measured by the difference between the market value of the land before and after the injury, subject to the qualifications hereinafter stated.

4. Where the surface of land belongs to one and the coal thereunder to another, the owner of the surface has a right to have his buildings maintained upon the natural surface of the soil, and if the owner of the coal in mining operations removes the subjacent support whereby such natural surface subsides and injury results to such buildings, such injury may be shown as an element of damages to the entire tract under the measure of damages herein set forth. The act of the owner of the coal in removing the subjacent support from the soil is prima facie the cause of the subsequent subsidence of the soil, and the burden is upon such party so mining the coal to show that the surface would not have subsided but for the additional weight of the buildings erected subsequent to the sale or lease of the coal.

5. In an action for damages by reason of loss of subjacent support caused by the removal of pillars, ribs and stumps in a coal mine, the owner of the surface is entitled to recover, if the injury is of a permanent or irreparable nature, the difference in the market value of the property as a whole, including improvements thereon, before and after the injury. If restoration can be made, the measure of damages is the reasonable cost of restoration, plus the reasonable value of the loss of the use of the property between the time of the injury and the restoration, unless such cost of restoration exceeds the difference in the market value of the property as a whole before and after the injury, in which case the difference in the market value before and after the injury becomes the measure.

Judgments affirmed.

Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.

---

No. 17662—The Pullman Company v. The Automobile Insurance Company. Certified by the Court of Appeals of Montgomery county.

ATTACHMENT—After motion to dissolve overruled, no appeal from municipal to common pleas court.

DAY, J.:

In a proceeding in attachment in the municipal court of the city of Dayton a motion to dissolve having been overruled, no appeal lies to the court of common pleas of Montgomery county pursuant to Sections 10259 and 10260, General Code.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones and Allen, J.J., concur.

---

No. 17589—C. C. Timberman v. The State of Ohio. Error to the Court of Appeals of Lorain county.

EVIDENCE—General objection to where it consists of several items, not pointing out which, not reversible error.

ALLEN, J.:

Where evidence included in a question consists of several items, part admissible and part objectionable, and an objection is interposed to the question generally without pointing out the particular item which is objectionable, it is not reversible error to overrule the objection and admit the question as a whole.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Day, JJ., concur.

---

No. 17556—Almeda Sprague et al v. William A. Brown. Error to the Court of Appeals of Licking county.

PARTNERSHIP—(1) Individual borrowing does not create partnership debt, though money used for partnership—(2) Creditor having chattel mortgage upon interest of a partner, lien of.

ALLEN, J.:

1. Where a partner borrows money on his individual credit from another partner, and later gives a note as evidence of such loan, such borrowing does not create a partnership debt, though the money be applied to partnership purposes.

2. A separate creditor who holds a valid chattel mortgage upon the interest of a partner in a partnership, has a lien upon the surplus due the partner after all partnership debts are paid, which lien is superior to the claim for an individual debt due from the partner to his co-partner. (Nixon & Chatfield v. Nash & Atkison, 12 Ohio St., 647, distinguished.)

Judgment of the Court of Appeals reversed and judgment for plaintiff in error.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.