Marshall, C. J.
 

 The question first to be considered is the jurisdictional question of the power of the court of common pleas to review a judgment of the municipal court of Cincinnati where the amount prayed for is more than $300. This branch of the case involves the interpretation and determination of the constitutionality of Section 1558-26, General Code, (104 O. L., 188), being a part of the municipal court act of the city of Cincinnati.
 

 
 *4
 
 The pertinent provisions of that statute are as follows:
 

 “Proceeding's in error may be taken to the court of common pleas of Hamilton county, from a final judgment or order of the municipal court of Cinoinnáti in the same manner and under the same conditions as provided by law for proceedings in error from the court of common pleas to the court of appeals of Hamilton county. In civil oases in which a judgment of more than three hundred dollars has been granted, or being prayed for has not been granted, proceedings in error from a final judgment or order of the court of common pleas of Hamilton county, upon a petition in error from such final judgment or order of the municipal court to the court of common pleas of Hamilton county, may be had as in other cases originating in said court of common pleas, to the court of appeals of Hamilton county.”
 

 This controversy does not involve the question whether a judgment of the court of common pleas reviewing a judgment of the municipal court may be further reviewed on error to the Court of Appeals, that question having been decided by this court in
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159. A reversal of the judgment in the instant case requires an extension of the doctrine of the
 
 Polyclinic case,
 
 and requires a declaration of unconstitutionality of the provisions of Section 1558-26, other than those already declared unconstitutional in the
 
 Polyclinic case.
 
 The
 
 Polyclinic case
 
 is by no means decisive of this controversy, but, on the contrary, every member of this court agrees that in any event the Court of Appeals has jurisdiction to review, affirm,
 
 *5
 
 modify, or reverse the judgments of the court of common pleas; that being the essential point decided in the
 
 Polyclinic case
 
 and in fact the only real controversy of that case. That case involved the sole question of the jurisdiction of the Court of Appeals. This controversy involves the sole question of the jurisdiction of the court of common pleas. The
 
 Polyclinic case
 
 involved Section 6, Article IV, of the Constitution, while the instant case involves Section 4, Article IV, of the Constitution. The provisions of Section 4 are very brief. It provides:
 

 “The jurisdiction of the courts of common pleas, and of the judges thereof, shall be fixed by law.”
 

 If it should be conceded that everything contained in the syllabus and in the majority opinion in the
 
 Polyclimc case
 
 is sound, it does not reach to the extent of declaring that there is anything in Section 6 which makes the jurisdiction of the Court of Appeals, as therein conferred, exclusive in matters of review of judgments of courts inferior to the court of common pleas. If Section 6 contained words of exclusion, and should be found to be in conflict with Section 4, it would necessarily prevail over Section 4, being a later enactment, and more especially by virtue of schedule 20, adopted September 3, 1912, the provisions of which are familiar.
 

 Finding no conflict, the conclusion is irresistible that Section 4 confers upon the General Assembly power to establish the jurisdiction of the courts of common pleas and of the judges thereof. The Legislature has spoken on this subject, and we accordingly turn to Section 12241, General Code,
 
 *6
 
 to ascertain the jurisdiction of the common pleas court to review the judgments of other courts:
 

 “An order made by a probate court removing or refusing to remove an executor, administrator, guardian, assignee, trustee or other officer appointed by a probate court, and a judgment rendered or final order made by a probate court, in solvency court, justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the common pleas court.”
 

 This statute clearly confers upon the court of common pleas jurisdiction to review the judgments of municipal courts, unless it be refuted upon the theory that a municipal court is not inferior to the court of common pleas. If any argument is needed to demonstrate that a municipal court is inferior to a court of common pleas, that demonstration is found in the fact that the court of common pleas is a court of general jurisdiction. In civil cases it is defined in Section 11215, General Code, in the following sententious language:
 

 “The court of common pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace.”
 

 As compared to this brtfad jurisdiction of the court of common pleas, the municipal courts have but limited jurisdiction as to subject-matter and the amount involved. It may be assumed without further argument that municipal courts are inferior to courts of common pleas.
 

 'Section 12241 being broad enough to include
 
 *7
 
 within its terms the jurisdiction to review judgments of municipal courts generally, and it being conceded that there is nothing in the language of Section 1558-26 which excludes that jurisdiction, or which seeks to make the municipal court of Cincinnati an exception to the general provisions of Section 12241, this problem becomes a very simple one, unless the court shall determine that Section 6, Article I‘V, of the Constitution, is paramount to Section 4 of that Article, and shall so construe the language of Section 6 as to take away from the Legislature the power to give to courts' of common pleas any jurisdiction to review the judgments of other courts of record. The Court of Appeals was created by the Constitution in Section 6, Article IY, and in the same section its jurisdiction was defined. The common pleas court was also created by the people in Section 3 of that Article, and instead of defining its jurisdiction, as might have been done, it was seen fit by the provisions of Section 4 to delegate the power to fix its jurisdiction to the Legislature. This could not have been an oversight on the part of the people, because at the same time the jurisdiction of the Court of Appeals was fixed in Section 6 the same convention made amendments to Section 3, and did not see fit to include within those amendments the matter of jurisdiction. It requires no analysis of that portion of Section 1558-26 quoted to show that the Legislature did not even attempt to exclude the court of common pleas of Hamilton county from jurisdiction to review the judgments of the municipal court of Cincinnati, and it is quite certain that it did not have any
 
 *8
 
 right to do so. It must be borne in mind that that section relates to the jurisdiction of the municipal court of Cincinnati, and, in so far as it seeks to regulate only the jurisdiction of that court, the Legislature was within its rights in legislating upon that subject, notwithstanding it is special legislation. This court has, in a number of instances, upheld the right of the Legislature to create local courts and to confer upon such local courts jurisdiction to meet local needs. Those cases are numerous and so familiar that it is unnecessary to cite them. On the other hand, when the Legislature includes in the special act provisions relating to the jurisdiction of other courts of general jurisdiction, and which exist in every county of the state, a different principle is involved. This subject received collateral notice in
 
 Pullman Co.
 
 v.
 
 Automobile Ins. Co., 107
 
 Ohio St., 283, at page 286, 140 N. E., 355, wherein Judge Day, in the opinion, pointed out that Section 1579-54, General Code (part of the Dayton municipal court act), related to the jurisdiction of the municipal court and not to that of the court of common pleas. The Legislature has a wide latitude in conferring jurisdiction upon a local court and. in making a part of that jurisdiction concurrent with a court of common pleas, but it does not have the right to confer exclusive jurisdiction upon a local court, where such jurisdiction has already been conferred upon courts of common pleas generally throughout the state. This court has frequently spoken on the subject of laws of a general nature, which, in obedience to the mandate of Section 26, Article II, of the Constitution,
 
 *9
 
 are required to have a uniform operation throughout the state.
 

 One of the clearest cases on this subject is
 
 Cincinnati
 
 v.
 
 Steinkamp,
 
 54 Ohio St., 284, 43 N. E., 490. The rule is declared at page 295 (43 N. E., 492) of the opinion, in language quoted from
 
 McGill
 
 v.
 
 State,
 
 34 Ohio St., 228:
 

 ‘ ‘ The test is said to depend upon the character of its subject-matter; that if that is of a general, as distinguished from a local or special nature, existing in every county throughout the state, a subject in which all the citizens have a common interest, then the law is one of a general nature, requiring a uniform operation throughout the state. ’ ’
 

 The case of
 
 McGill
 
 v.
 
 State
 
 has been quoted with approval in subsequent cases.
 

 In
 
 State
 
 v.
 
 Spellmire,
 
 67 Ohio St., 77, at page 82, 65 N. E., 619, 621, this court declared a further rule which must meet with' general approval:
 

 “As a subject-matter which is general can and must be legislated upon by general laws having a uniform operation throughout the state, it follows from the above rules, when carried to their full extent, that every subject-matter, which can reasonably be covered and provided for by a general law, can have no special or local legislation as to it, or any of its parts.”
 

 Those cases relate to matters other than the jurisdiction of courts and lay down the broad principles . which should apply to Section 26, Article II. There are, however, some cases decided by this court in which the jurisdiction of the court of common pleas was directly involved.
 

 
 *10
 
 The earliest ease we desire to refer to is
 
 Kelley
 
 v.
 
 State,
 
 6 Ohio St.,
 
 269.
 
 The Legislature had passed an act on April
 
 9,
 
 185'6, “to restore to the court of common pleas the jurisdiction of minor offenses in certain counties of the state.” Muskingum county was included among those to which such jurisdiction was restored. A conviction of assault and battery having been obtained, the jurisdiction was questioned. The syllabus states and decides the proposition:
 

 “The act of the general assembly of April 9, 1856, ‘to restore to the court of common pleas the jurisdiction of minor offenses in certain counties of the state/ being
 
 general in its nature,
 
 and yet' limited in express terms to a part of the counties of the state, is in conflict with the twenty-sixth section of the second article of the Constitution, which requires that
 
 ‘all laws of a general nature shall have a uniform operations throughout the State.’
 
 The ninth section of said act, which excepts from its operation certain counties therein named, and limits the operation of the entire act to the jurisdiction of the common pleas in certain counties only, to wit, those not excepted from its operation, is so essentially connected with the subject-matter and manifest legislative intent of the entire act that it cannot be separated and rejected as void, leaving the balance of the act to stand with a uniform operation, in conformity with the Constitution.”
 

 The next case we shall notice is
 
 Meyer
 
 v.
 
 Dempsey,
 
 62 Ohio St., 637, 58 N. E., 1100. That case involved the constitutionality of a special act of April 25, 1898, creating an insolvency court for
 
 *11
 
 cities of the first grade of the first class and giving to such insolvency court “original and exclusive jurisdiction” in certain matters where the probate and common pleas courts already had jurisdiction under general laws. This court was unanimous in holding that the act was unconstitutional, so far as it sought to confer exclusive jurisdiction, and Judge Davis differed from the other members of the court only in holding that the act would be valid as conferring concurrent jurisdiction.
 

 A rather recent decision of this court is
 
 State ex rel. D’Alton
 
 v.
 
 Ritchie,
 
 97 Ohio St., 41, 119 N. E., 124. The Legislature had, by special act, created a court of domestic relations for Lucas county and had conferred jurisdiction upon it to the exclusion of the jurisdiction conferred upon the common pleas court by the general laws of the state. This court, by unanimous concurrence, held that it was a local court and that the law which established it was not required to haver uniform operation throughout the state, but further held in the third syllabus:
 

 “All laws or parts of laws relating to the jurisdiction of the common pleas court are laws of a general nature, and must have uniform operation throughout the state.”
 

 In the fifth syllabus the court agreed with the views of Judge Davis expressed in
 
 Meyer
 
 v.
 
 Dempsey, supra,
 
 that the law would be valid as conferring concurrent jurisdiction, but would be unconstitutional as conferring exclusive jurisdiction.
 

 These cases are valuable to the instant case in correctly interpreting the language of Section 1558-26. It is well settled that where a statute is
 
 *12
 
 open to two constructions the court should give that interpretation which will not make it violative of constitutional provisions.
 

 For the foregoing reasons, and upon the authority cited, the court of common pleas must he held to have jurisdiction to review all judgments rendered by the municipal courts of Cincinnati.
 

 Upon the second branch of the case the question relates to the liability of a landlord for the negligence of tenants resulting in damages to a pedestrian lawfully passing along the sidewalk. That portion of the opinion of the judge of the court of common pleas quoted in the foregoing statement sufficiently states the facts. Upon these facts the court is unanimously of the opinion that the judgment of the court of common pleas and Court of Appeals should be affirmed upon the authority of
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584, and
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746.
 

 Judgment affirmed.
 

 Day, Allen and Kinkade, JJ., concur.