ROTHMAN *v.* I. SELDIN & KNELLER.

(Decided June 9, 1930.)

*Messrs. Shuler, Smith & Ungerleider,* for plaintiff in error.

*Mr. Sidney Weitz,* for defendant in error.

VICKERY, P. J. This cause comes into this court on a petition in error to the municipal court of the city of Cleveland, and the so-called judgment from which error is prosecuted was the overruling of a motion to discharge an attachment issued in the municipal court, based upon the statutory ground for attachment in having criminally or fraudulently contracted the obligation.

The property in question was attached in a pro-

ceeding in the municipal court, and the motion to discharge the attachment was made, which motion was overruled. The court entered a judgment ultimately sustaining the attachment, and ordered the money paid over to the attaching creditor; but it is to reverse the judgment overruling the motion that error is prosecuted here.

The only question that we really need to consider is whether the ruling of the court in overruling the motion was contrary to the weight of the testimony, and we cannot, in reviewing the entire testimony and the record on that question, say that it was so manifestly against the weight of the testimony that a reviewing court would be justified in reversing it.

It seems that the plaintiff in error, Herman Rothman, was a merchant who went to New York to buy some goods, the transaction to be a cash transaction. The contract of sale was entered into on Friday, August 30, and a check for the amount of the goods was given, but bearing date of September 3d; that is, it was postdated. Saturday, the first day after the check was given, was only a half day, and Sunday followed; Monday being Labor Day, the first real day after the check was given would be September 3d, and the check was postdated to that day with some statements at the time the check was given that there was not enough money in the account. So the check was postdated to the 3d, when at least the buyer understood that the money would be there. The check was deposited in the New York bank, probably on the date of the check, that is, September 3d, and it got through clearance and reached the bank on which it was drawn on the 7th of September, four days later, when it was protested

for insufficient funds; there not being in the bank sufficient funds on the day it was dated nor any time up to the time when it was presented. So the suit was brought, the goods in the meantime having been delivered to purchaser, to recover the face of the check, and an attachment was issued tying up the property in question, and, as already stated, a motion was made to dissolve the attachment, which was overruled.

We have come to the conclusion that the only question that really is involved in the case, if we treat it as being properly in this court, is the weight of evidence, and, as already stated, we could not say that the decision is so manifestly against the weight of the evidence that a reviewing court would be justified in reversing it.

There is, however, a grave question as to whether this case is rightly in this court, but we are cited to Section 10259, General Code, which seems to provide that, where an attachment has been issued for any ground, and a motion made to discharge the attachment, "any party to the action affected by the order discharging or *refusing* to discharge the order * * * may *appeal* to the court of common pleas," and that can be done without bond. That provision was made so that summarily the rights could be protected, for either party could take an appeal where an attachment had been issued and had been dissolved, or dissolution had been refused.

But it must be noted that this case did not come into this court on appeal. It came here on a petition in error to reverse the judgment of the municipal court for error in refusing to discharge this attachment. Now the municipal court being a court of

record, error proceedings can be prosecuted direct to this court, but only in case of final judgments or final orders, and, while dissolving a writ of attachment or discharging a writ of attachment would be a final order, the refusal so to do is not a final order. It does not affect the right of anybody; that is, it does not at least change the *status quo* of the one who made the motion, for he does not know but that the final result will turn out favorably to him.

Now a review can be had only when a final order has been made or a final judgment has been made in the court below. The appeal referred to in the section above quoted is a matter ancillary to the main proceedings of the case in court. It seems to tie up and hold intact the property in question so that it can be utilized in case a judgment is afterwards obtained.

In the case of *Pullman Co.* v. *Automobile Ins. Co.*, 107 Ohio St., 283, 140 N. E., 355, Judge Day, speaking for the court, very ably discussed the question whether an appeal would lie under this special statute from the municipal court of Dayton to the common pleas court, and held that, inasmuch as the special statute did not refer to it, it being an ancillary matter only, the statute would not apply. Whether it does in this county or not it is not necessary for us to determine, for, in the course of his opinion, Judge Day, on page 285 of 107 Ohio State, 140 N. E., 355, emphasizes the fact that an order overruling a motion to discharge an attachment is not a final order. If this be the doctrine, then no error proceeding can be prosecuted, and that is in accordance with our opinion, as pointed out in numerous cases, where we have held that an order

discharging a receiver is a final order, because it changes the status of the parties, but that an order refusing to discharge a receiver is not a final order, because it does not change the status of the parties. We held to this effect in the case of *Neighbors* v. *Thistle Down Co.,* 26 Ohio App., 324, 159 N. E., 111, in which case the Supreme Court on March 8, 1927, refused to order this court to certify its record. So that if we were to take this view of the case, we could only dismiss the petition in error, because there was no ground for error, inasmuch as the order from which the error proceedings are prosecuted was not a final order; but we have treated the case as though it were properly in this court, and then have come to the conclusion that the judgment of the lower court is not so manifestly against the weight of the evidence that a reviewing court would be entitled to intervene. The only thing we can do, therefore, is to affirm the judgment.

*Judgment affirmed.*

SULLIVAN, J., concurs.
LEVINE, J., not participating.