Day, J.
 

 Plaintiff in error contends that it had a right, under the Constitution of Ohio, to take error direct from the municipal court to the Court of Appeals, and that it had a constitutional right to have that error proceeding heard and determined by that court. We gather from the journal entry of the Court of Appeals that the dismissal was based upon the fact that the amount sought to be recovered in the Municipal Court was less than three hundred dollars.
 

 By Section 1558-1, General Code, it is provided that the Municipal Court “shall be a court of record and shall be styled ‘The Municipal Court of Cincinnati.’ ”
 

 Section 6 of Article IV of the Constitution of Ohio provides, in part, as follows: “The courts of appeals shall have
 
 * *
 
 * appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and
 
 other courts of record
 
 within the district as may be provided by law * * *.”
 

 Section 1558-26, General Code, reads, in part, as fol
 
 *64
 
 lows: “In civil cases in which a judgment of more than three hundred dollars has been granted, or being prayed for has not been granted, proceedings in error from a final judgment or order of the court of common pleas of Hamilton county, upon a petition in error from such final judgment or order of the municipal court to the court of common pleas of Hamilton county, may be had as in other cases originating in said court of common pleas, to the court of appeals of Hamilton county. The review of all cases other than civil actions and proceedings, shall be had in the manner provided for review of civil actions and proceedings in which a judgment for more than three hundred dollars has been granted. There shall be no appeal to the court of appeals of Hamilton county, from the court of common pleas of Hamilton county, in any action or proceeding brought on review from the municipal court of Cincinnati, to the court of common pleas of Haxnilton county.”
 

 The foregoing section last quoted was under consideration in the case of
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159, the syllabi of said case reciting:
 

 “1. Section 6, Article IV of the Constitution óf Ohio as amended September 3, 1912, confers jurisdiction upon the courts of appeals to review, affirm, modify or reverse the judgments of the court of common pleas, superior courts, and other courts of record within the district. The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction.
 

 “2. Section 26 of the act of April 17, 1913 (103 O. L., 279), as amended February 6,1914 (104 O. L., 187), in so far as it purports to limit the appellate jurisdiction of the court of appeals to review, affirm, modify or reverse the judgment of the courts of common pleas within its district, is unconstitutional and void.”
 

 
 *65
 
 The principles involved in the
 
 Polyclinic case
 
 were again under consideration by this court in the case of
 
 Commonwealth Oil Co.
 
 v.
 
 Turk,
 
 118 Ohio St., 273, 160 N. E., 856, and like conclusions were reached. Other cases might be cited in which the
 
 Polyclinic case
 
 has been followed, but the foregoing will suffice.
 

 The municipal court of Cincinnati being a court of record by the act of the Legislature creating it, it follows that the Court of Appeals, pursuant to Section 6 of Article IV of the Ohio Constitution, cannot be denied jurisdiction, in amount or otherwise, to review its judgments. The jurisdiction of the common pleas court to review the judgments of the municipal court of Cincinnati having been recognized by this court in
 
 Hess
 
 v.
 
 Devou,,
 
 112 Ohio St., 1, 146 N. E., 311, our conclusion is that the Court of Appeals may review judgments coming to it from the court of common pleas, or coming directly to it from the municipal court.
 

 The judgment of the Court of Appeals is therefore reversed and the cause remanded for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Stephenson, JJ., concur.