## HOLLOWAY v
## MAHONING AUTO SERVICE CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

FARR, J.

John K. Harrison, Youngstown, for plaintiff.

F. E. Hunter, Alliance, for defendant.

**FARR, J.**

There is no dispute as to the facts, the action being brought by The Mahoning Auto Service Company, Inc., against Holloway, an attachment issued, a motion to dissolve, motion overruled by the Justice of the Peace, and then an appeal taken to the Court of Common Pleas under §10259 GC, which reads as follows:

"Any time before judgment, upon reasonable notice to the plaintiff, the defendant may make a motion before the justice of the peace to discharge the attachment or release the property, money or credits attached or garnisheed, either or both. Any party to the action affected by the order discharging or refusing to discharge the order of attachment may appeal to the Court of Common Pleas, if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice, but no appeal bond shall be required. When an appeal is taken by any party, the property attached, unless released as provided in §10258 GC, must be held by the constable or other officer until the final determination of the motion by the Court of Common Pleas or judge and if on such final determination the motion to discharge be overruled, the constable shall continue to hold the attached property as if no motion to discharge had been made."

And then in §10260, GC, it is provided what the Court of Common Pleas shall do.

"Upon such notice of appeal being given, the justice shall forthwith transmit to the clerk of the Court of Common Pleas all the original papers. Thereupon, within three days, of such notice of appeal, or upon such further time as may be for good cause allowed, the court or judge shall hear and determine the motion as though it was originally brought in such court. Upon the final hearing, the court or judge shall forthwith transmit the judgment with the original papers to the justice of the peace, which judgment must be entered upon his docket as the final determination of the motion. Such attachment, property, moneys and credits shall be disposed of as directed in the judgment."

It is insisted here that when the Court of Common Pleas overruled the motion to dissolve the attachment, it then became the duty of that court to certify back to the Justice of the Peace of Smith Township the action taken by the Court of Common Pleas upon the motion to dissolve the attachment. In this case the motion was overruled, the same as the action taken by the Justice of the Peace, and subsequent rights depend somewhat upon the construction of these statutes.

A case of interest in this connection is that of **Rothman v Seldin & Kneller, 37 Oh Ap, 408, (9 Abs 526).** This case was before the Court of Appeals of Cuyahoga County, and the opinion is by the late Judge Vickery, recognized as one of the efficient judges of that court. In the fourth proposition of the syllabi it is held:

"Order overruling motion to discharge attachment is not final order for purposes of error proceedings."

Again, at page 411, Judge Vickery adverts to a case in the **107 Oh St, 285, Pullman Company v Automobile Insurance Company,** and quotes from the opinion of Judge Day in that case, as follows:

"For, in the course of his opinion, Judge Day at **page 285 of 107 Oh St; 140 NE, 355,** emphasizes the fact that an order overruling a motion to discharge an attachment is not a final order."

In the **107 Oh St, Pullman Company v Insurance Company,** Day, J, observes as follows, reference being made to the matter of final order:

"This we can not grant, as in the instant case the judgment before us for review is not a final one upon the merits of the case, but arises upon an ancillary proceeding, to-wit: The overruling of the motion to dissolve the attachment and the right to appeal must be found in the special statute relative thereto and not in a general statute relating to appeals in all civil actions."

It was opportunely suggested in the argument of this case that a case holding to the contrary is **Bazzoli v Larson, 40 Oh Ap, 321; 178 NE, 331, (11 Abs 369).** The opinion in that case is by judge Sherick of the Fifth District, and in the first proposition of the syllabi he announced this principle:

"Order of Common Pleas discharging at-

tachment or garnishment on appeal from Justice's Court affects creditors' substantial rights and is a final order within constitutional provision authorizing review. §10259-60 GC; Constitution, Article IV §VI."

But this was an order discharging the attachment. In the instant case the attachment was not discharged. Motion to dissolve was overruled, and the presumption must be that the Court of Common Pleas acted according to law and certified back to the Justice of the Peace the fact that he had overruled the motion to dissolve the attachment, leaving the attachment in full force and effect in the court of the Justice of the Peace, and it being predicated upon an action to recover money by the Mahoning Auto Service Company. An attachment is but an auxiliary proceeding; it is auxiliary to the main action to recover. Therefore, only an order dissolving the attachment could be final, because then the attachment proceeding is entirely ended and of no avail. Any one interested, of course, would have the right to predicate error upon such holding, but that is not the situation in the instant case. It remains in status quo, just as it was in the court of the Justice of the Peace prior to the motion to dissolve. The view taken by Judge Vickery is correct, and likewise the one announced by Judge Day, that the overruling of such motion is not such final order as from which error can be predicated.

For the reason given it follows that the motion to dismiss the error proceeding must be sustained. The parties may have their rights adjudicated in the court of Squire McCamon in Smith Township, Mahoning County.

Motion sustained.

ROBERTS and POLLOCK, JJ, concur.