James H. RODEHEAVER, Plaintiff,

v.

SEARS, ROEBUCK AND CO., Defendant
and Third Party Plaintiff,

v.

The CLEVELAND TRUST COMPANY,
as Trustee, Third Party Defendant.

No. C 62–34.

United States District Court
N. D. Ohio, E. D.

July 30, 1962.

Franklin A. Polk, Cleveland, Ohio, for plaintiff.

Jones, Day, Cockley & Reavis, James C. Sennett, Cleveland, Ohio, for 3rd Party plaintiff.

Michael R. Gallagher, Cleveland, Ohio, for 3rd Party defendant.

McNAMEE, District Judge.

Plaintiff alleges that on or about the 29th day of June, 1960 he was a patron of the defendant's store at 14922 St. Clair Avenue, Cleveland, Ohio; that while viewing a stock of electrical appliances, the ceiling directly over the area where plaintiff was standing suddenly collapsed, striking him with great force, throwing him to the floor, burying him under the debris and causing him to sustain permanent and painful injuries. At the time of the above incident, and for 25 years prior thereto, Sears had occupied the building in which the store was located under lease from The Cleveland Trust Company. After this action was commenced against Sears another member of this Court granted the defendant's motion to implead The Cleveland Trust Company as third party defendant. Sears alleges that its lessor, The Cleveland Trust Company, is liable to it for the amount of any recovery against Sears in the principal action. Cleveland Trust has moved to vacate the order of impleader on the grounds (1) that the third party complaint does not state a cause of action against it, and (2) that this is not an appropriate action for impleader.

The first branch of the motion raises the issue whether the third party complaint states a claim upon which relief may be granted. Such an issue can be decided favorably to The Cleveland

Trust Company only if it appears to a certainty that Sears is entitled to no relief under any state of facts that could be proved in behalf of its claim. 2 Moore, Federal Practice, 2d Ed., 2245, § 12.08. The motion may be defeated by a showing that The Cleveland Trust Company is or may be liable under any theory supportable by the complaint. 14 F.R.Civ.P.; Fowler Industrial Service, Inc. v. John Mohr & Sons Co., 10 F.R.D. 271 (N.D.Ohio 1950). In so far as they are relevant to the issues raised by this motion, the significant terms of the lease entered into on August 20th, 1935, are (1) The Cleveland Trust Company, as lessor, agreed to lease to Sears as lessee the premises known as 14922–24 St. Clair Avenue, Cleveland, Ohio, together with the entire building to be erected thereon by the landlord; (2) the landlord covenanted that on or before the beginning of the term it would deliver possession of said premises to the tenant in good condition and repair, with the building to be erected fully complete * * * and that the landlord, at its own expense, would make such further additions, alterations and repairs as might be necessary to make said demised premises * * * comply at the beginning and during the term of the lease with the laws of the state and ordinances of the city. The landlord covenanted that at its own expense it would keep in good condition and repair "during the term of this lease" 18 specifically enumerated parts of and appurtenances to said building, including the "plastering of all walls and ceilings." It was provided further that the landlord should have free access to the premises * * for the purpose of examining and exhibiting the same during business hours and for making any needed repairs or alterations which might be necessary for the landlord to make. The tenant agreed to make all repairs and replacements to the building which were caused by the fault of the tenant or its employees. In its third party complaint Sears alleges that Cleveland Trust breached the above covenants in failing to deliver the prem-

ises in a good condition of repair so as to avoid the collapse of the metal lath and plaster ceiling; in failing to make the necessary repairs and alterations so that at the beginning and during the term of the lease the demised premises would comply with the applicable laws and ordinances; in failing to keep the plastering of all walls in good condition and repair during the term of the lease.

For its second cause of action Sears alleges inter alia that Cleveland Trust failed to exercise due care in the construction of said building. It is further alleged that (c) The Cleveland Trust Company was negligent in creating a dangerous, hazardous and structurally defective condition which permitted the ceiling of said premises to become unsafe and collapse suddenly and without warning.

The law of Ohio governs, and in support of its motion The Cleveland Trust Company relies in substantial part upon the common law doctrine as approved by the Ohio Supreme Court in many cases that—

"When an owner leases the premises and parts with possession and control the duties and concomitant liability for injury resulting from failure to perform such duties formerly resting upon the landlord devolve upon the tenant." 33 O.J.2d 451, § 196.

The first case cited by The Cleveland Trust Company is Burdick v. Cheadle, 26 Ohio St. 393 (1875). The syllabus in that case, which embraces the essential facts, reads:

"The defendant, being the owner of a lot of ground, erected thereon a storehouse, and afterward leased the storeroom and agreed with the lessee to construct therein cornices, shelvings and fixtures, in a secure, safe, convenient and proper manner for the sale of dry goods and groceries, and to keep the premises in good order. The fixtures put up under the agreement were unsafe and insecure from the want of sufficient

fastening to the walls of the building—all of which was known to defendant, who, on request of the lessee, refused and neglected to repair. Afterward, and while the room and fixtures were in the possession of the lessee, the shelvings fell and injured the plaintiff, who was, at the time, in the storeroom as a customer of the lessee. *Held*, the facts stated do not constitute a cause of action against the defendant and in favor of the plaintiff."

In its opinion, the court said:

"The general rule of law undoubtedly is, that persons who claim damages on the account that they were invited into a dangerous place, in which they received injuries, must seek their remedy against the person who invited them. There is nothing in the relation of landlord and tenant which changes this rule. There is no implied engagement or promise, on the part of a lessor, that the leased premises are in a safe condition, or that they are fit for the use to which the lessee intends to put them. If they be unsafe or unfit, it is the duty of the tenant to make them safe, or to fit them for the intended use; and the landlord may reasonably expect that the tenant will do so,"

In Berkowitz v. Winston, 128 Ohio St. 611, 193 N.E. 343, the court stated the facts essential to a consideration of the legal question presented as follows:

"When the tenant went into possession of the premises, the defendant agreed to thereafter make certain repairs, some of which were made. Thereafter the tenant requested that the ceiling be repaired, and defendant promised to do that.

"The tenant sublet portions of the premises to others, and plaintiff was one of such sub-tenants.

"While performing some service for the tenant, the plaintiff went into tenant's kitchen, and while there was struck by falling plastering and was thereby injured."

In the last cited case the court held: "Promise by the lessor to make repairs of premises leased does not impose upon the lessor liability in tort to persons entering thereon at the invitation of the lessee."

In Ripple v. Mahoning National Bank, 143 Ohio St. 614, 56 N.E.2d 289, an employee of the lessee of a suite of rooms in an office building was injured by plaster from the ceiling falling upon him while he was working at his desk. In his suit against the landlord it was alleged inter alia that the plaster had been improperly and defectively placed and installed on the base of the ceiling "which fact was well known to the defendant or in the exercise of ordinary care should have been known to him." Although the landlord retained control of the leased premises "for the purpose of repairing the same and the doing of daily janitor work," the Supreme Court, following Burdick v. Cheadle and Berkowitz v. Winston, supra, held that the plaintiff had no cause of action against the landlord.

In Cooper v. Roose, 151 Ohio St. 316, 85 N.E.2d 545, the tenant leased an apartment on the second floor of a three story brick building on a month to month basis. While shaking a small rug on the rear porch she leaned against the porch rail which gave way, throwing her to the ground, causing her to sustain injuries. She was denied recovery against the landlord on the ground that:

"A landlord's liability in tort for injuries incurred by tenant as a result of defective condition of rented premises was an incident to occupation or control of the premises by landlord and could not be rested solely on landlord's failure to make repairs pursuant to agreement with tenant."

In addition to the above authorities many other Ohio cases applying the same principles might be cited, including the recent cases of Brown v. Cleveland Baseball Club, 158 Ohio St. 1, 106 N.E.2d 632 (1952); Pitts v. Cincinnati Metropolitan Housing Authority, 160 Ohio St.

129, 113 N.E.2d 869 (1953); Artman v. Cities Service Co., Ohio App., 164 N.E. 2d 750. The harshness of the common law rule as applied against the tenant and his invitees in the above cases has long been recognized and in recent years the courts of several jurisdictions have abandoned that rule in favor of a just and more realistic consideration of the duties of a landlord out of possession to those rightfully upon the premises. As stated in 163 A.L.R. 303:

> " * * * The courts of California, Connecticut, New Jersey and Wisconsin have recently adopted the view * * * that the landlord may be held liable for personal injuries."

The annotator also observed that:

> "About half of the courts considering the question within the last fifteen years have held that the landlord may be liable for personal injuries caused by his total failure to perform his contract to repair."

The Restatement of Torts, § 357, holds to the same view. The Ohio courts, however, have not receded from their position as expressed in the four cases cited and relied upon by the Third Party Defendant.

In the case at bar the Third Party defendant as the landlord occupies a unique position in relation to the tenant and its invitees. As shown above, the landlord constructed the building for the tenant, knowing that it was to be used as a retail store and that many persons would enter the store as patrons. Under the terms of the lease the landlord was to receive a specified minimum rental of $350 per month plus an additional amount equal to 3% of the tenant's net sales in excess of $140,000 annually. The landlord had a real and substantial interest in the growth of the tenant's business and is presumed to have known that such result could best be accomplished by increasing the number of patrons. In similar circumstances it has been held that members of the public are invited by the owners as well as tenants, and that they cannot receive rent and permit their tenants to bring, in large numbers, upon their property those who do not have the opportunity to inspect it unless the owners have exercised due care to see that it is safe. 32 Am.Jur., § 667, p. 534; Junkerman v. Tilyou Realty Co., 213 N.Y. 404, 108 N.E. 190, L.R.A.1915F, 700. Ohio has not gone so far. The law of Ohio holds that ordinarily a landlord out of possession and control who has promised to make repairs cannot be held liable to an invitee of the tenant for injuries occasioned by defects arising after the latter took possession of the demised premises. Defendant, however, relies primarily upon those allegations of its complaint which charge the landlord with negligence in the construction of the building. Defendant cites Witherspoon v. Haft, 157 Ohio St. 474, 106 N.E.2d 296 (1952), as supporting this ground of liability. The general rule involving liability of a landlord in tort was not involved in Witherspoon and that case cannot be considered as an authority supporting defendant's contention. Diligent effort of counsel and the Court has failed to disclose any Ohio case involving the question whether a landlord out of possession and control of leased premises may be liable for injuries to a tenant or his invitees caused by the negligent conduct of the landlord prior to the time of the tenant's occupancy under the lease. The Ohio courts, however, by way of dicta, have indicated the governing legal principles to be applied in such cases. In Shindelbeck v. Moon, 32 Ohio St. 264, the court said, in relation to the respective responsibilities of a landlord and tenant:

> "The principle which runs through cases, determining the responsibility of the one or the other, may be thus defined: Whoever had control of the premises at the time the cause of injury originated, that person is liable in damages, which simply means that the party in fault must respond." (32 Ohio St. p. 267)

Again, 32 Ohio St. at p. 275:

> "If the defect is inherent in the original construction, and this occasions

the injury, then the landlord or lessor is responsible; but when the defect arises after the lease, then the tenant is responsible."

In Hess v. Devou, 112 Ohio St. 1, 146 N.E. 311, the fourth paragraph of the syllabi reads:

"A lessor of a building, out of possession and control, is not responsible for injuries caused by a defective condition of the premises arising during the continuance of the lease *where no claim is made of defects in original construction.* Shindelbeck v. Moon, 32 Ohio St. 264, 30 Am.Rep. 584, and Stackhouse v. Close, 83 Ohio St. 339, 94 N.E. 746, approved and followed." (Emphasis supplied.)

In Kauffman v. First Central Trust Co., 151 Ohio St. 298, 85 N.E.2d 796, the court quoted with approval the fourth paragraph of the syllabi in Hess v. Devou, supra. Also quoted with approval in Kauffman is the following from 2 Restatement of Torts, 966, § 355:

" * * * a lessor of land is not subject to liability for bodily harm caused to his lessee or others upon the land with the consent of the lessee or sub-lessee by any dangerous condition which comes into existence after the lessee has taken possession." (85 N.E.2d p. 798)

It is clear, therefore, that the courts of Ohio have both expressly and implicitly laid down guide lines to be used in cases where the landlord out of possession and control is charged with negligence in the original construction of demised premises which results in injuries to persons rightfully thereon or therein.

The foregoing dicta cannot be lightly brushed aside. They represent the authoritative views of many distinguished jurists of the upper courts of Ohio and are entitled to respectful consideration and substantial weight.

Undoubtedly the defendant will have substantial difficulty in establishing a case of negligence in the construction more than 25 years ago of the building in question. However, the lapse of time constitutes no warrant for holding as a matter of law that the landlord was not negligent in installing the plastering in the building or that such negligence, if any, was not the proximate cause of plaintiff's injuries. It may be impossible for defendant to adduce the requisite degree of proof to support its claim of negligence in the construction of the building but at least it is entitled to the opportunity to do so.

The motion is, therefore, overruled without prejudice to its renewal at the pre-trial hearing when presumably all discovery proceedings will have been completed.