Town and Country Food Co. of Ohio, Inc., Appellant, v. Phillips et al., Appellees.

(No. 148—Decided July 17, 1968.)

*Mr. William P. DeStephens,* for appellant.
*Mr. Patrick H. Young,* for appellees.

Cole, J. This is an appeal from a judgment of the County Court of Paulding County on questions of law. The defendants-appellees have filed a motion to dismiss the appeal on the ground that such appeal should be taken to the Court of Common Pleas and that the Court of Appeals is without jurisdiction to hear such an appeal.

It is the contention of defendants-appellees that the

legislation in Section 1921.01 *et seq.*, Revised Code, has provided only for appeal to the Court of Common Pleas and that as a result no jurisdiction has been conferred by the Legislature upon the Court of Appeals to hear and determine a direct appeal from a County Court.

Under the provisions of the Ohio Constitution as it existed on April 29, 1968, when notice of appeal was filed, the Courts of Appeals have certain original jurisdiction "and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district * * *."

In short, within the terms and limitations stated the Legislature has the authority to determine and provide for the jurisdiction of Courts of Appeals.

Pursuant to this authority the Legislature has acted and defined this jurisdiction by adopting Section 2501.02, Revised Code, which in part reads as follows:

"In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"Upon an appeal upon questions of law to review, affirm, modify, set aside or reverse judgments or final orders of courts of record inferior to the Court of Appeals within the district * * *."

It has also provided as follows in Section 2505.27, Revised Code:

"A judgment rendered or final order made by a Court of Common Pleas, a Probate Court, or by any other court of record, or by a judge of any of such courts, may be reversed, vacated, or modified for errors appearing on the record, upon an appeal on questions of law, by the Court of Appeals having jurisdiction in the county wherein such court of record is located."

Therefore, the jurisdiction of Courts of Appeals includes any appeal on questions of law from any other court of record within the proper district.

Prior to 1963 County Courts were not courts of record and hence no appeal to the Court of Appeals was authorized by the Legislature or jurisdiction conferred upon it to

hear appeals on questions of law. However, Section 1907.012, effective January 1, 1963, was passed by the Legislature making County Courts courts of record for all purposes of law. This being the case it must be concluded that since that date a direct appeal on questions of law to the Court of Appeals is authorized and the Court of Appeals has jurisdiction to hear such an appeal.

For an analogous situation involving a prior constitutional provision reference is made to *American Casualty Co.* v. *Howell,* 125 Ohio St. 62, where a Municipal Court, expressly made a court of record by the Legislature, was held within the constitutional jurisdiction created by the then existing Section 6 of Article IV of the Constitution which gave direct jurisdiction on appeal to the Courts of Appeals from "other courts of record." In the present case we are concerned with the legislative grant of jurisdiction rather than a constitutional grant, but the problem determined is otherwise the same.

As to the applicability of the Appellate Procedure Act, Section 2505.03, Revised Code, reads as follows:

"Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as provided in Sections 2505.04 to 2505.45, inclusive, of the Revised Code, unless otherwise provided by law, except that appeals from judgments of judges of County Courts upon questions of law and fact shall be taken as provided in Sections 1921.01 to 1921.16, inclusive, of the Revised Code."

Appeals on questions of law and fact from County Courts are expressly dealt with and a separate procedure established. However, as to appeals on questions of law Sections 2505.04 to 2505.45, Revised Code, govern "unless otherwise provided by law."

Section 1921.01, Revised Code, provides, "Either party *may* appeal from the final judgment of a judge of a County Court, to the Court of Common Pleas of the county in which the judgment was rendered." (Emphasis added.)

This is permissive only. It is not designated as a mandatory method of appeal and hence is not contrary but an alternative to Section 2505.04 *et seq.*, Revised Code.

104

Therefore under the Appellate Procedure Act the only jurisdictional step required to invoke jurisdiction of the Court of Appeals is the timely filing of a notice of appeal in the County Court.

The judgment appealed from was rendered April 10, 1968. Notice of appeal was filed in the County Court on April 29, 1968, within the twenty days specified by Section 2505.07, Revised Code.

The motion to dismiss is therefore not well taken and is overruled.

*Judgment accordingly.*

GUERNSEY, P. J., and YOUNGER, J., concur.