SHILT, APPELLEE, *v.* IRELAN, APPELLANT.

[Cite as Shilt v. Irelan (1974), 40 Ohio App. 2d 578.]

(No. 912—Decided September 6, 1974.)

*Ms. Karen Diane Shilt*, appellee, *pro se.*
*Messrs. Spidel, Staley, Hole & Hanes*, for appellant.

CRAWFORD, P. J. Defendant, appellant herein, has filed a motion in this court, as follows:

"Now comes N. C. Irelan, defendant-appellant, and moves that the *claim* of the plaintiff-appellee be *dismissed,* at her costs, or in the alternative the *judgment* rendered herein be *reversed and set aside.*" (Emphasis supplied.)

The record itself does not show the entire facts, but other documents contained in the record, including the memoranda on the instant motion, give us some inkling of what the case is about.

These suggest that plaintiff had two dogs which, while out of her custody, were taken in charge by the defendant, from whose possession one of them, valued by plaintiff at $100, got away and is still missing. A judgment was rendered in the County Court for $100 in favor of plaintiff. Defendant gave a notice of appeal to this court, stating that the appeal was taken pursuant to R. C. 1921.02.

Defendant's counsel has gone to some pains to trace the history of R. C. Chapter 1921. He argues that although his client has a right of direct appeal to the Court of Appeals, he also has the additional remedy of taking the appeal to the Court of Appeals in the manner provided in R. C. Chapter 1921.

There can be little doubt that he has a right of direct appeal on questions of law from the county court. It was so held under the then-existing statutes in *Town & Country Food Co.* v. *Phillips* (1968), 15 Ohio App. 2d 101. That holding is still valid, as conceded by the defendant.

However, he argues that R. C. Chapter 1921 is also applicable, and he endeavors to proceed thereunder.

Section 5(B), Article IV of the Constitution empowers the Supreme Court to prescribe rules governing practice and procedure in all courts of the state. That section also provides, in part:

"All laws in conflict with such rules shall be of no fur-

ther force or effect after such rules have taken effect."

Pursuant to this provision, the rules of appellate procedure became effective July 1, 1971. Rule 1 thereof declares, in part: "These rules govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." Rule 2 states: "Appeals on questions of law and fact are abolished."

This renders ineffective and inapplicable the provisions of R. C. 1921.01 and 1921.02, and related sections under that chapter, stating that in appeals from County Courts to the Court of Appeals "in all respects, the parties must proceed as if the action originally had been commenced in that court," ineffective and inapplicable.

The present motion will be overruled, and the case will proceed in regular form as an appeal to this court on questions of law.

*Motion overruled.*

KEARNS and SHERER, JJ., concur.