DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the July 31, 2001 judgment of the Toledo Municipal Court, Housing Division, which enjoined appellants, Greater Unity Baptist Church and Dr. Edgar Jackson, from maintaining a nusiance at 3111 Buckeye Street, Toledo, Ohio, and ordered them to abate the nuisance. The judgment also required appellants to post a $250,000 bond if the nuisance was not abated within seven days of the order and rendered judgment against appellants in the amount of $250,000 if they failed to post the bond within ten days after the court's order. Upon consideration of the assignments of error, we find that the decision of the lower court was a nullity because the court lacked jurisdiction to determine the case.
 {¶ 2} Appellants assert the following assignments of error on appeal:
 {¶ 3} "Assignment of Error Number One: The judgment of the Toledo Municipal Court was not supported by evidence that was adduced at trial, and even more so when evidence improperly considered is disregarded."
 {¶ 4} "Assignment of Error Number Two: The trial court erred in failing to grant defendant Edgar Jackson's motion to dismiss him as a defendant, and again in finding him liable, as the evidence in the record does not support a finding against Jackson."
 {¶ 5} "Assignment of Error Number Three: The trial court erred in failing to grant defendants' motion to dismiss based on inconsistencies and inadequate notice of the subject matter of the lawsuit."
 {¶ 6} Appellee, the law director for the city of Toledo, stated in its complaint that it brought this action to abate a public nuisance occurring at 3111 Buckeye Street, Toledo, Ohio, pursuant to R.C. 3767.03. The prosecution also indicated that the property is a nuisance pursuant to Toledo Municipal Code Section 1726.01(a)(4). While R.C. 3767.03
provides that the city law director has the power to bring an action in equity to abate a nuisance and to enjoin further maintenance of it, such an action must be brought in the county court of common pleas. R.C.3767.04. The Toledo Municipal Court, Housing Division, does have authority under Toledo Municipal Code Section 1726.99 to order a property owner to abate a nuisance and/or post a cash bond. However, the judgment states that the complaint was brought under R.C. 3767.03 to abate the nuisance. The court did not make reference to its authority under Toledo Municipal Code Section 1726.99.
 {¶ 7} Jurisdiction is a prerequisite to a valid judgment. Trumanv. Walton (1899), 59 Ohio St. 517, 529. Since the municipal court is a court of limited jurisdiction, Hess v. Devou (1925), 112 Ohio St. 1, 6, there is no presumption that it has subject matter jurisdiction over a case. "[T]he record of such court must show upon its face, a full compliance with the requirements in order to obtain jurisdiction." Stateex rel. Smilack v. Bushong (1952), 93 Ohio App. 201, 210. Otherwise, the judgment of the court is a nullity. Id.
 {¶ 8} Since this case proceeded under R.C. 3767.03, we find that the municipal court lacked jurisdiction to determine the issues. Its judgment was therefore a nullity. We hereby order the judgment vacated. Appellee is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT VACATED.
Peter M. Handwork, J., Richard W. Knepper, J., and George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.