(No. 13987.—Judgment affirmed.)
HARRY MARCOVITZ, Admr. Appellant, *vs.* JOSEPH HERGEN-
RETHER *et al.* Appellees.

*Opinion filed February 22, 1922.*

1. NEGLIGENCE—*what necessary to charge owner of a leased building with responsibility for defective elevator.* To charge the owner of leased premises with responsibility for the existence of an alleged defective elevator, elevator well or hoistway, the plaintiff must allege and prove that the condition complained of existed at the time of the letting or that the owner had covenanted to repair or to remedy the defect.

2. SAME—*lessee or occupant is responsible for failure to keep premises in repair.* In the absence of an agreement to the contrary, the lessee or occupant, and not the owner of a building, is responsible for injuries received in consequence of a failure to keep the occupied premises in repair, whether the condition complained of is the result of misfeasance, malfeasance or non-feasance.

3. SAME—*what allegation is not sufficient to charge legal duty on part of lessees.* In an action for damages for wrongful death caused by a fall into an open elevator well, the mere allegation that the defendants, who were lessees of the premises, owed the plaintiff's intestate a legal duty to repair or remove the defects, so that the elevator would not have been open, is not sufficient to charge such legal duty, where there is no allegation of any facts tending to show how the plaintiff's intestate came upon the premises,—whether by permission, as employee or as a mere trespasser.

4. PLEADING—*a demurrer does not admit conclusions of the pleader.* Conclusions of fact or of law will not suffice in a declaration, and a demurrer does not admit mere conclusions of the pleader.

5. MUNICIPAL CORPORATIONS—*there is no presumption in favor of validity of ordinance passed in exercise of police power.* There is no presumption in favor of the validity of an ordinance passed by a city council in the exercise of police power to regulate the use of private property, and it must appear that the statute has expressly or impliedly given the council the power to pass the ordinance before it can be held valid.

6. SAME—*city council has power to regulate use of elevators in private buildings.* The power of a city council to pass an ordinance regulating the construction, repair and operation of elevators in any building, occupied or vacant, is implied under the provisions of paragraphs 66, 75 and 78 of section 1 of article 5 of the Cities and Villages act.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, (EDWARD P. MORSE, of counsel,) for appellant.

BENJAMIN B. MORRIS, and AARON R. EPPSTEIN, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Harry Marcovitz, as administrator of the estate of Isidor Marks, deceased, filed his declaration in the superior court of Cook county against appellees, Joseph Hergenrether, J. Leo Hergenrether, Harry Edidin and Bernard Edidin, for damages on account of the death of his intestate. The declaration as finally amended consisted of two counts. Appellees filed general and special demurrers to the amended declaration, which were sustained by the court. Appellant elected to abide by his amended declaration, and judgment was entered against him and in favor of appellees. The trial judge certified that the cause was one in which the validity of a municipal ordinance was involved and that the public interest required that the appeal be taken directly to this court, which was done.

The first count of the amended declaration, omitting the mere formal parts thereof, charges as follows: The defendants Harry Edidin and Bernard Edidin on March 4, 1919, were the owners of, and the defendants Joseph Hergenrether and J. Leo Hergenrether were lessees of, the premises known as 57 East Forty-third street, in Chicago, Cook county. In the premises so owned and leased there was a certain hoistway or elevator well in which there was a certain elevator or other hoisting apparatus, which hoistway or elevator well and elevator and hoisting apparatus were then and there owned by the defendants Harry and Bernard Edidin, and were then and there leased and operated by the defendants Joseph and J. Leo Hergenrether. On the day aforesaid, March 4, 1919, there was in full force and effect in the city of Chicago a certain ordinance which provided, among other things, as follows: "All freight elevators shall be provided with a guard at least six feet high. All elevator cabs or cars, whether used for freight or passengers, shall be provided with some device whereby the car or cab may be held in the event of accident to the shipper rope or hoisting machinery or controlling apparatus. * * * All hoistways, hatchways, elevator wells and wheel holes in any building, whether occupied or vacant, shall be securely fenced, inclosed or otherwise safely protected, and it shall be the duty of the owner, occupant or agent of any such building to keep all such means of protection closed at all times, except when it is necessary to have the same open in order that the said hatchways, elevators or hoisting apparatus may be used." The deceased was on the day aforesaid owner of a teaming business, and was at the time of the occurrence hereinafter mentioned engaged in unloading certain materials from one of his wagons used in the teaming business into the elevator or hoisting apparatus in the hoistway or elevator well owned, leased and operated by the respective defendants aforesaid. The defendants, notwithstanding their duty in this behalf, carelessly, negligently,

unlawfully and wrongfully failed to securely fence, enclose or otherwise safely protect the hoistway or elevator well then and there owned, leased and operated by them, and carelessly, negligently, unlawfully and wrongfully failed to keep said means of protection closed, and had the defendants provided a means of protection as by the ordinance provided it would not have been necessary, in order that the hatchway and hoisting apparatus might be used as they were being used at the time of the occurrence set forth, to have the means of protection open, and as a direct result and consequence of the carelessness and negligence of the defendants, and while the deceased was in the exercise of all due care and caution for his own safety, he unavoidably slipped and fell from his wagon into the open hoistway or elevator well, and as a direct result thereof sustained an injury, as a result of which he soon thereafter, on the same day, died.

The second count contains the same allegations, in substance, as the first count and is not substantially different from that count, except that it contains, just preceding the last paragraph, the further allegations that said elevator had been raised for some distance,—five feet,—above the level of the opening provided as a means of ingress and egress to the elevator well or hoistway; and that it then and there became and was the duty of the defendants to securely fence and enclose or otherwise safely protect the hoistway or elevator well and the space below the floor of the elevator or hoisting apparatus.

The declaration concluded with an allegation that the deceased left a widow and six sons and daughters, the issuing of letters of administration to the plaintiff, and the *ad damnum* clause.

The demurrers were general and special and were properly sustained by the court as to both counts. Neither count states any cause of action against the defendants the Edidins, the owners of the property in question. In order to

charge owners of leased premises with responsibility for the existence of the alleged defective elevator, elevator well or hoistway, it was necessary for plaintiff to allege and prove that the conditions complained of existed at the time of the letting or that the owners had covenanted to repair or to remedy the condition or nuisance complained of. (*City of Chicago* v. *O'Brennan,* 65 Ill. 160; *Gridley* v. *City of Bloomington,* 68 id. 47; *West Chicago Masonic Ass'n* v. *Cohn,* 192 id. 210.) The general rule is as set forth in the cases just cited, that the lessee or occupant, and not the owner as such, is responsible for injuries received in consequence of a failure to keep the occupied premises in repair, no matter whether the condition complained of is the result of misfeasance or malfeasance, or of non-feasance, as charged in this case. This declaration charges simply that the premises were owned and leased on March 4, 1919, by the defendants; that on that day the ordinance in question was in full force; that on the same day the deceased was the owner of a teaming business and was unloading materials into the elevator or hoisting apparatus from one of his wagons, etc. The declaration contains no allegation as to when the property was leased, that the nuisance existed in the hoistway at the time it was leased, or that there was any covenant to repair by the owners. The declaration contains but one date, March 4, 1919, and the allegations are that all óf the conditions and all the happenings mentioned in the declaration existed and took place on that day and not prior to that date.

For the reasons aforesaid the declaration does not charge any legal duty upon the owners to the deceased. The rule is that the pleading upon demurrer must be taken most strongly against the pleader. It is charged in both counts of the declaration that it then and there, March 4, 1919, became and was the duty of the defendants to securely fence and enclose or otherwise safely protect said hoistway, etc.; but this is a mere conclusion of the pleader and is

not the allegation of any facts which show such duty on the part of the defendants. To charge the owners it was necessary to charge that at the time the premises were leased by them the nuisance complained of then existed or that such owners had covenanted to remove or repair such conditions. Such an allegation is not sufficient as to any one of the defendants, and the declaration must be held bad unless it contains further allegations of facts that actually show such a duty. Conclusions of fact or of law will not suffice and a demurrer does not admit mere conclusions of the pleader. *Christian County* v. *Merrigan,* 191 Ill. 484; *McPhail* v. *People,* 160 id. 77.

The declaration for the same reason does not charge any legal duty on the part of the other defendants, the Hergenrethers. The mere allegation or conclusion of the pleader that they owed him a legal duty to repair or remove the defects, etc., is not sufficient to charge such legal duty, as is already shown. There is no allegation in the declaration of any facts that show or tend to show that the deceased was on the premises by the permission or at the instance of any of the defendants, and no allegation that either one of them had him employed or that anyone else had him employed so he had the legal right to be on the premises and unload material into the elevator shaft, as against the defendants or any one of them. So far as this declaration shows he was a mere licensee or a trespasser on the premises. In either case, whether a mere licensee or a trespasser, defendants did not owe him any duty except not to willfully injure him, and there is no charge of willfulness in the declaration on their part. (*Casey* v. *Adams,* 234 Ill. 350; *Bahr* v. *National Safe Deposit Co.* 234 id. 101.) This same rule is recognized in the case of *Creeden* v. *Boston and Maine Railroad Co.* 193 Mass. 280; and the case of *Parker* v. *Barnard,* 135 Mass. 116, does not lay down a different rule. This rule furnishes an additional reason why

the declaration does not state a cause of action against any one of the defendants.

The validity of the ordinance is attacked on the ground that the city council had no power to pass it. We recognize the fact that there is no presumption in favor of its validity, and that it must appear that the statute has expressly or impliedly given the council the right and power to pass the ordinance before we can hold it to be a valid ordinance, and that the power conferred upon the city council will not be extended beyond the plain meaning of the words granting the power. We think the power of the city council to pass an ordinance like the one in question is necessarily implied from the provisions of paragraphs 66, 75 and 78 of section 1 of article 5 of the Cities and Villages act. (Hurd's Stat. 1917, pp. 323, 324.) Paragraph 66 provides that city councils in cities shall have power to regulate the police of the city and pass and enforce all necessary police ordinances. Paragraph 75 gives them power to declare what shall be a nuisance and to abate the same, and to impose fines upon parties who may create, continue or suffer nuisances to exist. Paragraph 78 authorizes them to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. The authority given to the council under the latter part of paragraph 66 to pass and enforce all necessary police ordinances is broad enough to authorize a city to make any regulations of the character provided by the ordinance in question that will promote the safety and health of its inhabitants, and particularly when said paragraph is considered along with paragraphs 63 of said section and paragraphs 75 and 78 aforesaid. *City of Chicago v. Gunning System,* 214 Ill. 628; *Gundling v. City of Chicago,* 176 id. 340.

The judgment of the superior court is affirmed.

*Judgment affirmed.*