(No. 25681.-)
ETHEL MURPHY, Appellee, vs. THE ILLINOIS STATE TRUST
COMPANY, Exr., Appellant.

*Opinion filed Dec. 16, 1940—Rehearing denied February 5, 1941.*

KRAMER, CAMPBELL, COSTELLO & WIECHERT, and NORMAN J. GUNDLACH, for appellant.

BEASLEY & ZULLEY, for appellee.

Per CURIAM: Plaintiff, Ethel Murphy, (appellee here,) began an action in the circuit court of St. Clair county to recover damages for personal injuries alleged to have been caused by the negligence of defendant, George W. Brichler. On a trial with a jury she recovered a verdict upon which judgment was entered. The Appellate Court affirmed the judgment (305 Ill. App. 6) and this court granted leave to appeal. Defendant's death was suggested and the representative of his estate has been substituted.

It was alleged in the complaint that defendant owned a two-story brick building, the first floor of which he rented to Pat Bowen for tavern purposes, and the second story, consisting of one apartment, he rented to Joseph Wright for residential purposes; that in the leasing to said tenants the defendant reserved the garage, the backyard, a concrete porch on the rear of said building, and a certain stairway leading from said porch to the basement under said building; that the porch and stairway were reserved for defendant's own use and the joint use of the tenants who occupied the two floors of the building. It was alleged that at 9:30 P. M. August 6, 1937, plaintiff fell into the cellarway, the doors to said cellarway being open, and that the accident was caused by the negligence of the defendant in

not having the cellarway surrounded by guard-rail of some kind and in not having the back porch around the cellarway sufficiently lighted. Such allegations were denied by the defendant.

The grounds urged for reversal are (1) the court erred in denying the motion for a directed verdict; (2) there was error in the admission of evidence, and (3) error in the instructions.

The question presented on the error assigned as to the ruling on the motion for directed verdict is one of law and is as to whether the evidence in favor of the plaintiff, when considered to be true, together with the inferences which may legitimately be drawn therefrom, fairly tends to support the cause of action averred in the complaint. (*Ziraldo* v. *Lynch Co.* 365 Ill. 197; *Brophy* v. *Illinois Steel Co.* 242 id. 55.) Under this error defendant states the general rule that a landlord is not liable for injuries that occur to persons on the premises leased to a tenant and under the tenant's control, and contends the rule applies not only to the enclosed portions included in the leasing but extends to the entrances, passageways, cellarways and portions which are not under the exclusive control of the landlord. In support of such principle he cites cases such as *Marcovitz* v. *Hergenrether,* 302 Ill. 162, and *West Chicago Masonic Ass'n* v. *Cohn,* 192 id. 210. Plaintiff recognizes the general rule of liability of a landlord to be as stated by the defendant, but contends the evidence in this case shows defendant exercised such control over the back porch and cellarway as to bring the case within the rule announced in cases such as *Payne* v. *Irvin,* 144 Ill. 482, *Mueller* v. *Phelps,* 252 id. 630, and *Burke* v. *Hulett,* 216 id. 545.

The evidence shows the building was approximately 30 feet in width with a porch extending across the rear of the building. A rear door from the tavern opened on to the porch. A stairway extended from one end of the porch

to the second story. The cellarway was located at the opposite end of the porch. The first floor was leased to Bowen for the operation of a tavern and the apartment on the second floor to Wright for residential purposes. The tavern and apartment were heated by one heating plant, located in the basement. The fuel was furnished at the expense of both tenants and both attended to servicing the plant. There was an inside stairway leading from the tavern to the basement. There was also a stairway from the second story to the tavern, thus furnishing the occupants of the apartment opportunity to go from the second floor through the tavern to the basement, and this way was frequently used by Wright and his family, but there is no evidence indicating that any such arrangement was contemplated as a part of the leasing. The occupants of the second story used the basement for laundry and storage purposes and the occupants of the tavern used it for storage. There is evidence that both tenants, in going to and from the basement, at times passed through the cellarway in question and that the ashes from the furnace were taken from the basement through the cellarway. The tenant Wright, testifying for defendant, stated he had nothing to do with the back porch except to the steps leading to his apartment. There is evidence to the effect that the defendant frequently entered the basement through the cellarway, but he testified he did not remember going to the basement through the cellarway more than three times. Taking into consideration the manner in which the building was leased and the use the tenants were required to make of the porch and cellarway in connection with the occupancy of their respective rooms, we conclude there was evidence tending to sustain the allegations of the complaint.

The rule is that where only a portion of the premises is rented and the landlord retains control of other parts of the same such as stairways, passageways, or cellarways,

or where he rents the premises to several tenants, retaining control over a part of the same for the common use of the several tenants, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition and he is liable for an injury which results to persons, lawfully in such place, from failure to perform such duty. *Shoninger Co.* v. *Mann,* 219 Ill. 242.

Under this assignment of error the defendant contends plaintiff was guilty of contributory negligence. Such question is ordinarily a question of fact for the jury to decide, upon proper instructions. It becomes a question of law when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. *Thomas* v. *Buchanan,* 357 Ill. 270; *Mueller* v. *Phelps, supra; O'Rourke* v. *Sproul,* 241 Ill. 576.

The building fronted to the north on to a main traveled street. The main entrance to the tavern was at the north end but there was a doorway on the east side and one on the porch. A cement walk extended from the porch along the east side of the building to the street in front. Plaintiff entered the tavern at the side entrance and was leaving by the rear door. Defendant contends that when plaintiff was on the porch at the rear door, the exercise of due care would have required her to turn to her left toward the east end of the porch to the sidewalk along the building, and that when she turned to her right over the end of the porch where the cellarway was located, she was guilty of contributory negligence. The lot west of the porch and the building was vacant, but there was evidence tending to show that customers of the tavern at times crossed the vacant lot and entered the tavern at the rear door and that there was a well-worn pathway across the vacant lot.

The entrance to the cellarway was covered by two doors each opening back from the middle. The frame-

work and the doors were the width of the material from which they were made above the surface of the porch, so that when the doors were open the top of the door was not more than an inch or two above the surface of the porch. Defendant contends that if plaintiff had looked she would have been able to have seen that the doors were open. One of the charges of negligence is the defendant's failure to have a light on the back porch. There is evidence that there was a lamp socket on the porch but it was not used. Under all the facts and circumstances of the case, the question of contributory negligence was properly submitted to the jury.

Defendants contend there was error in the admission of testimony showing that the defendant, a few days following the accident, placed a lock on the door leading to the cellarway. In the direct examination of the witness Pat Bowen, counsel for plaintiff asked whether there was a lock on the door to the cellarway up to the time of the accident. The witness replied that Brichler put a lock on a few days after the accident. The question was proper but the answer was not responsive. The question was not objected to but after the answer was made defendant's counsel made the statement that "he objected to all this." The court made no ruling on the objection. No motion was made to exclude the answer and the objection made was not sufficient to preserve any question for review.

Defendant contends there was prejudicial error in the admission of hospital records on the ground that they were not properly identified. The contents of the hospital records are not abstracted, and, since the doctor in attendance, who undertook to identify them, stated that part of the record was written by him and a part by someone else, and that he authorized certain parts of the record, the court has no means of knowing the sufficiency of the identification of the various parts of the record. Those parts of the record made by the doctor might, if ab-

stracted, be sufficiently identified to permit their admission in evidence, while the parts made by some other person would not be. Under the condition of the abstract, the objection made is not available to the defendant. *Long* v. *Brink,* 353 Ill. 549.

Defendants object to all five of the instructions given on behalf of plaintiff. Instruction No. 1 told the jury there was an implied duty upon a landlord to keep in a reasonably safe condition common passageways, porches and cellarways retained under his control and used by the several tenants as a means of access to the portions of the premises leased to them, and that a landlord was liable for injuries received by any person lawfully on the premises because of the landlord's negligence in performing such duty. Instruction No. 4 was that if the jury found, from a preponderance of the evidence, that defendant rented the building to the different tenants and reserved under his control the rear porch and cellarway and that the porch and cellarway were used in common by the tenants, then, under the law, the defendant was required to use reasonable care to keep the said porch and cellarway in a reasonably safe condition. It is said that instruction No. 1 directs a verdict, and, for that reason, should contain all the elements necessary to plaintiff's recovery, which would include a direction that plaintiff was required to prove she was not guilty of contributory negligence. The instruction deals only with the conditions upon which a landlord may be held liable for injuries sustained by a person when upon the passageways, porches or cellarways of his premises, but it does not undertake to tell the jury that if it found such condition to exist it should find for the plaintiff. It was not necessary that an instruction thus limited should contain the further direction that plaintiff was required to prove she was not guilty of contributory negligence, the question of contributory negligence being covered

by other given instructions. Objection was made to instruction No. 1 in that it referred to a person "lawfully" on the premises, without containing an explanation of the term. Plaintiff was a customer in the tavern and had the right to leave the tavern by the rear door. There was no contention that she was not lawfully upon the premises and the statement, as used in the instruction, could not have misled the jury.

Instruction No. 5 was a stock instruction which gave the elements the jury could take into consideration in fixing damages. Included in such elements was the amount of money which the plaintiff lost as wages, if any, as a direct and natural result and consequence of the injury. The evidence showed plaintiff was a housewife, but it did not appear that she was a wage-earner prior to the accident. There is evidence that some time after the accident she was employed for a time with an assessment board, but that the duties of such position were such that she could not continue in that employment. The duties of the position required her to do a great deal of walking and her injuries, which the evidence showed to be permanent, were such that she could not perform them. The objection urged is similar to the one made to an instruction in *Wolczek* v. *Public Service Co.* 342 Ill. 482. It was there held, under the facts of that case, the instruction was proper. Giving of instruction No. 5 was not reversible error.

An examination of the objections against the remaining instructions shows them to be without merit, and, for the reasons stated, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*