Zimmerman, J.
 

 As a preliminary observation it should be noted that although under the lease in question the lessor reserved certain rights of examination and inspection pertaining to the leased premises, the premises themselves were turned over to the lessee and were wholly within its possession and control. Moreover, the lessor made no agreement with respect to the maintenance and repair of the instrumentalities and facilities employed by the lessee in conducting its hotel business, and at the time the lease took effect the elevator involved was equipped in compliance with lawful requirements.
 

 It is generally held that the reservation by a lessor of the right to enter the leased premises, for the purposes of examination and inspection, or for other like purposes, imports no reservation of control by him over the premises.
 
 Stone, Admx.,
 
 v.
 
 Sullivan,
 
 300 Mass., 450, 15 N. E. (2d), 476, 116 A. L. R., 1223.
 

 
 *302
 
 And the bare fact, as exists here, that a policy of general liability insurance covering elevators in the leased premises was issued to the lessor and the lessee as the insured is not indicative of an agreement on the part of the lessor to keep the elevators in repair.
 
 Flynn
 
 v.
 
 Pan American Hotel Co.,
 
 143 Tex., 219, 183 S. W. (2d), 446, a case resembling the instant one in several particulars.
 

 Certain general propositions may be accepted as elementary. In 2 Restatement of Torts, 966, Section 355, we find the following language:
 

 “Except as stated in Sections 357 and 362 [covenant by lessor to repair and repairs negligently made by lessor], a lessor of land is not subject to liability for bodily harm caused to his lessee or others upon the land with the consent of the lessee or sub-lessee by any dangerous condition which comes into existence after the lessee has taken possession.”
 

 In harmony with the rule just quoted is the fourth paragraph of the syllabus in
 
 Hess
 
 v.
 
 Devou,
 
 112 Ohio St., 1, 146 N. E., 311, which reads:
 

 “A lessor of a building, out of possession and control, is not responsible for injuries caused by a defective condition of the premises arising during the continuance of the lease where no claim is made of defects in original construction. ”
 

 And in the first paragraph of the syllabus in the case of
 
 Marqua
 
 v.
 
 Martin,
 
 109 Ohio St., 56, 141 N. E., 654, this court declared:
 

 “The owner of a building, out of possession and control, is not liable to persons upon the premises, by invitation of the lessee thereof, for injuries resulting from the physical condition of such premises, unless such liability is imposed by contract or statute.” .
 

 As to elevators, if a lessee has the sole control and management of an elevator in a leased building, he and
 
 *303
 
 not the lessor must usually answer to one who is injured because of defects in the elevator or by reason of surrounding dangers. 18 American Jurisprudence, 539, Section 27;
 
 Marcovitz, Admr.,
 
 v.
 
 Hergenrether,
 
 302 Ill., 162, 134 N. E., 85;
 
 Tibbetts
 
 v.
 
 Wentworth,
 
 248 Mass., 468, 143 N. E., 349.
 

 In the case of
 
 Marcovitz, Admr.,
 
 v.
 
 Hergenrether, supra,
 
 it is remarked in the opinion:
 

 “In order to charge owners of leased premises with responsibility for the existence of the alleged defective elevator, elevator well or hoistway, it was necessary for plaintiff to allege and prove that the conditions complained of existed at the time of the letting or that the owners had covenanted to repair or to remedy the condition or nuisance complained of.’’ Compare
 
 Sinton
 
 v.
 
 Butler,
 
 40 Ohio St., 158.
 

 Counsel for plaintiff are in substantial agreement with the foregoing statements and say in their brief “that the only question involved in this appeal is whether the appellee was under a duty to the appellant in reference to the elevator in which the appellant was crushed. ’ ’
 

 Arguing that the lower courts were in error and that plaintiff was entitled to have her case go to the jury, her counsel insist that defendant violated the following duties which it owed to plaintiff and that such violations created liability against it:
 

 “1) A common law duty,
 

 “2) A duty imposed by subsection (4) of General Code Section 1027,
 

 “3) The duties imposed by bulletin 110 issued by the Department of Industrial Relations of the Industrial Commission of the state of Ohio, and
 

 “4) Ordinance 7154 of the city of Akron, being the Building Code of that city. ’ ’ •
 

 We shall discuss these matter's in the order listed..
 

 
 *304
 
 1. “At common law; subject to certain exceptions, the occupier or tenant and not the landlord was liable for injuries occurring to a third person on or off the premises: * * *. A tenant in possession is practically the owner of the property. If the building afterwards became dangerous in law, the owner was not liable for an injury occurring thereon * * #.”
 
 Harte
 
 v.
 
 Jones,
 
 287 Pa., 37, 39, 134 A., 467, 47 A. L. R., 843, 844.
 

 2. Section 1027, General Code, reads in part:
 

 “The owners and operators of shops and factories [including hotels] shall make suitable provisions to prevent injury to persons who use or come in contact with machinery thereon or any part thereof as follows: * # #
 

 “4. They shall case in ail unused openings of elevators and elevator shafts and place automatic gates or floor doors on each floor where entrance to the elevator carriage is obtained. They shall keep such gates or doors in good repair and examine frequently and keep in sound condition the ropes, gearing and other parts of elevators.”
 

 In our opinion this section and subsection of the General Code, in relation to the instant case at least, apply to the owners and operators of a business which is being conducted on real property and has no application or reference to the lessor of the property, out of possession and control, and who is not connected with the activities being carried on on the premises. Such interpretation finds support in the case of
 
 Lee
 
 v.
 
 Smith,
 
 42 Ohio St., 458, 51 Am. Rep., 839, wherein it was held that a statute, requiring “any owner or .agent for owner of any factory, workshop, tenement house, inn or public house” to install fire escapes, imposed such duty on a tenant using a part of the building for factory purposes, and not on the owner of the building.
 

 
 *305
 
 Attention is directed to the case of
 
 Chicago & N. W. Ry. Co.
 
 v.
 
 Booten
 
 (C. C. A. 8), 57 F. (2d), 786, for a thorough discussion of a question similar to the one involved here, and where a conclusion corresponding to the one we have come to was reached. Compare
 
 Sorenson
 
 v.
 
 Kalamazoo Auto Sales Co.,
 
 201 Mich., 318. 167 N. W., 982, and
 
 Flynn v. Pan American Hotel Co., supra
 
 (143 Tex., 219, 183 S. W. [2d], 446). And see 52 Corpus Juris Secundum, “Landlord and Tenant,” 37, 38, Section 417.
 

 The rule is well settled that a lessee of premises, having the entire control thereof, is, so far as third persons are concerned, the owner.
 
 Midland Oil Co.
 
 v.
 
 Thigpen
 
 (C. C. A. 8), 4 F. (2d), 85, 53 A. L. R., 311, writ of error dismissed, 273 U. S., 658, 71 L. Ed., 826, 47 S. Ct., 343;
 
 Simms
 
 v.
 
 Kennedy,
 
 74 Fla., 411, 76 So., 739, L. R. A. 1918C, 297; 32 American Jurisprudence, 695, Section 817.
 

 3. Bulletin 110 is a code of specific requirements relating to elevators, their maintenance and operation, promulgated by the Industrial Commission of Ohio, and has particular reference to the duties owed by an employer toward his employees. Likewise, in our opinion, this rule of the Industrial Commission does not pertain to the lessor of a building, who has surrendered the premises to the lessee under a long term lease in a good and safe condition and who is in no way linked with the management or direction of the affairs being conducted on such premises.
 

 4. Ordinance No. 7154 of the city of Akron comprises the building code of that municipality and was enacted primarily to insure the safe construction of buildings, to prevent and lessen the hazards of fire, and to protect the interests of the public as a class. Part 5 thereof relates to elevators and elevator shafts.
 

 We hold to the view that such ordinance may not
 
 *306
 
 properly be invoked in a situation like the present one to impose a civil liability in tort on the lessor of a building, who is out of possession and control, for injuries to an employee of the lessee, which employee is a stranger to the lessor.
 

 “To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom.”
 
 Baier
 
 v.
 
 Clev. Ry. Co.,
 
 132 Ohio St., 388, 391, 8 N. E. (2d), 1, 2.
 

 Here, there was no fault in the original construction and installation of the elevator, lawful requirements had been met by the lessor with respect to the elevator door, and the defect about which complaint is made occurred long after the lessee assumed dominion over and took charge of the premises. See
 
 Garland
 
 v.
 
 Stetson,
 
 292 Mass., 95, 197 N. E., 679. Compare
 
 Tralle, Admx.,
 
 v.
 
 Hartman Furniture & Carpet Co.,
 
 116 Neb., 418, 217 N. W., 952.
 

 Because of the position taken, it becomes unnecessary to discuss or decide other questions raised in the briefs and oral arguments of counsel, including the claimed contributory negligence of the plaintiff.
 

 Since the statute, rule and ordinance relied on by the plaintiff do not affect the defendant in the circumstances described and since otherwise there is no legal liability resting on the defendant for the injuries to plaintiff, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Wf/ygandt, C. J., Matthias, Hart, Stewart, Turner and Taft, JJ., concur.