Zimmerman, J.
As disclosed by the bill of exceptions, the salient facts are that Mr. and Mrs. Hooffstetter owned a three- *293 story building in tbe city of Columbus. In 1934, tbe Hooffstetters entered into a ten-year written lease with Edward J. Wilders for the upper two floors of the building, which were divided into residence apartments. In such leased the lessee covenanted and agreed to keep the premises in good order, condition and repair at his expense and to pay one-half of the water bills and sewer taxes charged against the entire building. Upon expiration of the lease, it was renewed for another ten-year period, and Mr. Wilders died in 1952. His widow, Frances, continued to occupy the premises under the renewed lease. When that lease expired, Mrs. Wilders remained in the premises and paid rental each month in advance as she had done under the lease. This was a periodic tenancy and extended at least from month to month uninterruptedly with Mrs. Wilders in occupation and control.
In the year 1934, Mr. Wilders provided each apartment with a gas heater. As far as the evidence shows, there were then no defects in the heaters, the flues or the chimneys. In August 1958, Ronald Grieser and two male friends rented one of the apartments from Mrs. Wilders, and Ronald died there on or about September 28, 1958, in the manner and from the cause described in the statement of the case.
In the circumstances narrated, may the owners in fee of the premises be held responsible and liable for Ronald’s death?
The general rule is set forth in the first paragraph of the syllabus of the leading case of Shindelbeck v. Moon, 32 Ohio St., 264, 30 Am. Rep., 584, as follows:
“1. A landlord who has demised property, parting with possession and control thereof to a tenant in occupation, is not responsible for injuries arising from defective condition of such . premises, when that defect arises during the continuance of the lease.”
To the same effect, see Kauffman v. First-Central Trust Co., Trustee, 151 Ohio St., 298, 85 N. E. (2d), 796, and the citations therein.
However, in support of his contention that the fee owners of the premises in issue are liable, appellant relies primarily on a statute and secondarily on an ordinance of the city of Co *294 lumbus of similar purport. The pertinent part of the statute, Section 2923.251, Revised Code, as in effect in September 1958, read in part:
“No owner or occupant of any rental residence, apartment, flat, tenement, room, or like living quarters or any other person shall install, use, or cause, or permit to be installed or used in such residence, apartment, flat, tenement, room, or like living quarters and no occupant of such premises shall install or cause to be used a gas-fired space or room heating apparatus unless such apparatus is vented to a flue or gas vent so as to vent the products of combustion to the outdoors.”
Section 2923.99, Revised Code, as then in effect, read:
“Whoever violates Section 2923.251 of the Revised Code shall be fined not less than one hundred nor more than one thousand dollars, or imprisoned for not more than one year, or both.”
Notwithstanding that this is a criminal statute, we agree with the Court of Appeals that, although in itself it creates no civil liability, it does prescribe a specific duty and sets forth a standard of conduct, the violation of which may be classed and treated as negligence. However, the statute as worded imposes no duty on and creates no liability of a landlord out of possession and control of demised premises for injuries resulting from the faulty functioning of a gas space heater due to a clogged chimney into which it is vented and which heater was installed and is maintained by the tenant and with which the landlord has nothing to do.
The word, “owner,” as used in various statutes is one of flexible meaning, depending on the language and purpose of the particular statute in which employed, and it may vary from an absolute proprietary interest to a mere possessory right. Animal Rescue League of Boston v. Assessors of Bourne, 310 Mass., 330, 333, 37 N. E. (2d), 1019, 1021, 138 A. L. R., 110, 113.
In the Kauffman case, supra, this court had occasion to interpret the meaning of the term, “owner,” as used in a statute imposing certain duties on “the owners and operators of shops and factories,” etc., and came to the conclusion that the term, ‘ ‘ owner, ’ ’ meant and comprehended the one conducting *295 and in control of the business activities being conducted on the premises and not the owner in fee of the premises out of possession and control thereof. The case of Lee v. Smith, 42 Ohio St., 458, 51 Am. Rep., 839, represents a similar holding.
When Section 2923.251, Revised Code, is analyzed in light of the usual exoneration of the landlord from liability for defective conditions of the premises occurring while in the possession and under the control of the tenant, we think that the same conclusion must be reached as to the meaning of the term, “owner,” as employed in the quoted statute. That statute refers to one who “shall install, use, or cause, or permit to be installed or used” in a rental residence or apartment a room-heating apparatus and would certainly embrace those in the position of the Wilders.
In 32 American Jurisprudence, 695, Section 817, the statement is made:
“A tenant having control of the demised premises is, so far as third persons or the public are concerned, the owner, and in cases of injuries to third parties, whether on or off the premises, occasioned by the condition or the use of the premises, it is the general rule that prima facie, the breach of duty, and therefore the liability, is that of the tenant and not that of the landlord. ’ ’
It was Edward J. Wilders who originally installed and maintained the gas heaters and invited their use, and later Mrs. Wilders was similarly in control of the heating devices. As far as the evidence shows, the fee owners of the property, out of possession and control, knew nothing about the existing conditions, including the presence of the heaters, had no right to intrude into the premises, and were under no obligation to manage and supervise the activities being conducted there. Their right to terminate the tenancy after the expiration of the renewed lease did not alter their position in the respects noted, so long as the tenancy of Mrs. Wilders continued.
We are aware that courts of other jurisdictions might take a different position with respect to the meaning of the term, “owner,” as used in Section 2923.251, Revised Code (see, for example, National Bank of Washington v. Dixon [U. S. Court *296 of Appeals, District of Columbia Circuit], 301 F. [2d], 507), but under Ohio law as interpreted and applied by this court we think that the judgment of the Court of Appeals herein is correct, and the same is affirmed.

Judgment affirmed.

Taft, C. J., O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., concurs in paragraph one of the syllabus but dissents from paragraph two thereof and from the judgment.