This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Ohio Farmers Insurance Company ("Ohio Farmers"), Westfield Insurance Company ("Westfield"), Heritage Mutual Insurance Company ("Heritage"), and The Engine Works, Inc. ("Engine Works"), appeal from a judgment of the Medina County Court of Common Pleas that granted summary judgment to appellees, Modine Manufacturing Company ("Modine"), Sheila McCray dba Servpro of Southern Cuyahoga County ("Servpro"), and Valley City Enterprises ("Valley City"). We affirm in part and reverse in part.
This action stems from a fire that occurred on December 27, 1994 at a building located at 5927 Center Road in Valley City, Ohio. The fire was believed to be caused by a heater installed in the ceiling of business premises owned by Valley City and leased by Servpro. Due to the property damage sustained in the fire and the resulting insurance claims, Ohio Farmers and Westfield filed suit against Modine and Servpro and Heritage filed suit against, among others, Modine, Servpro, and Valley City.
On December 3, 1997, the trial court granted summary judgment for Modine and Servpro in the consolidated action. Shortly thereafter, Heritage, Ohio Farmers, and Westfield voluntarily dismissed all their claims, without prejudice, pursuant to Civ.R. 41(A).
Appellants filed new actions within one year and none of the parties disputes that they satisfied the requirements of the savings statute, R.C. 2305.19. The cases were later consolidated. Valley City moved for summary judgment, contending that there were no genuine issues of material fact. Modine moved to dismiss the complaints against it, relying on materials beyond the pleadings. The trial court converted Modine's motion to dismiss into a motion for summary judgment, giving notice to all parties, and allowing time for them to submit additional briefs and evidence. Servpro then moved to dismiss, but the trial court never notified the parties that it was converting the motion into a motion for summary judgement.
The trial court granted summary judgment for Valley City, indicating that there were no genuine issues of material fact. It also granted summary judgment for Modine and Servpro, finding that, because Modine and Servpro had been granted summary judgment in the earlier action, the current claims against them were barred by the doctrine of res judicata. Although some claims remained pending in the case, the trial court found that there was no just cause for delay.
Appellants filed two separate notices of appeal, but the appeals were later consolidated. Through separate briefs, the appellants assert a total of five assignments of error: three joint assignments of error and two that pertain only to particular appellants. We will address the assignments of error out of order for ease of discussion.
 JOINT ASSIGNMENT OF ERROR III The trial court committed reversible error to the prejudice of [all] appellants by dismissing [appellants'] action against appellees Modine and Servpro based upon res judicata and Denham v. New Carlisle.
Although the appellants allege that the trial court made certain procedural errors in granting summary judgment, those errors do not pertain to all the parties. We will address their substantive argument first because it necessitates a reversal of summary judgment for Modine and Servpro.
The trial court granted summary judgment to Modine and Servpro, each of whom had argued that the current claims against them were barred by the doctrine of res judicata. Specifically, they contended that, because they were granted summary judgment against all plaintiffs in the prior action, that determination barred re-litigation of the same issues between these parties.
The doctrine of res judicata is explained succinctly in the syllabus ofGrava v. Parkman Twp. (1995), 73 Ohio St.3d 379: "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." No one disputes that the appellants were attempting to litigate the same claims against the same parties. The dispute is whether there is a prior final judgment at issue.
The record reveals that although the trial court granted summary judgment to these defendants in the prior consolidated action, that judgment never became final. On December 3, 1997, the trial court granted summary judgment to Modine and Servpro. At that time, other claims remained pending in the action and the trial court made no express determination that there was "no just reason for delay." See Civ.R. 54(B). Consequently, the trial court's order was not a final, appealable order.
It is the position of Modine and Servpro, however, that the subsequent voluntary dismissals by the plaintiffs had the effect of transforming the interlocutory summary judgment order into a final appealable order. They rely on Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 597, in which the Ohio Supreme Court held that a summary judgment order disposing of fewer than all the parties can become a final appealable order, despite the absence of a determination by the trial court of "no just reason for delay," if the plaintiff voluntarily dismisses the remaining claims and defendants pursuant to Civ.R. 41(A).
In this case, however, the plaintiffs did not dismiss the remaining defendants; they dismissed all the defendants, including Modine and Servpro. Heritage's notice of voluntary dismissal dismissed its claims against "all Defendants." Ohio Farmers And Westfield explicitly dismissed their claims against Modine and Servpro, the only defendants they had named. As to the parties included in the Civ.R. 41(A) dismissal notice, "`[a] dismissal without prejudice leaves the parties as if no action had been brought at all.'" Denham, 86 Ohio St.3d at 596, quotingDeville Photography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272. Consequently, the trial court's December 3, 1997 order granting summary judgment to Modine and Servpro did not become final after the Civ.R. 41(A) dismissals; it became a nullity.
Because the December 3, 1997 order granting summary judgment was not a valid, final judgment, it did not operate to bar the claims brought by the appellants. Therefore, the trial court erred in granting summary judgment to Modine and Servpro. The third assignment of error is sustained.
 JOINT ASSIGNMENT OF ERROR I The trial court abused its discretion and erred to the prejudice of [all] appellants by converting the Rule 12(B)(6) motions to dismiss of Appellees Modine and Servpro into motions for summary judgment where there was no Rule 56(C) evidence before the court for consideration.
 JOINT ASSIGNMENT OF ERROR II The trial court committed reversible error to the prejudice of [all] appellants by converting the Rule 12(B)(6) motions to dismiss of Appellee Servpro into a motion for summary judgment without providing notice of the conversion to appellants.
 ASSIGNMENT OF ERROR IV OF OHIO FARMERS AND WESTFIELD The trial court committed reversible error to the prejudice of these appellants when it failed to notice that the first trial court had never properly ruled on Servpro's Rule 12(B)(6) motion against them and then applied Denham v. New Carlisle regardless.
Because we sustained the third assignment of error and reversed summary judgment for Modine and Servpro, these assignments of error have been rendered moot and need not be addressed. See App.R. 12(A)(1)(c).
 ASSIGNMENT OF ERROR IV OF HERITAGE AND ENGINE WORKS The trial court erred to the prejudice of appellants by granting summary judgment in favor of appellee Valley City.
Heritage and Engine Works contend that the trial court erred in granting summary judgment to Valley City because there were genuine issues of material fact regarding whether Valley City, the owner of the building where the fire occurred, was negligent in its maintenance of the heater that allegedly caused the fire.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims."Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response *** must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerk of Courts (1998),83 Ohio St.3d 523, 524.
Valley City moved for summary judgment and asserted, among other things, that it had no duty to maintain the heater because it is a commercial lessor and no such duty has been imposed upon it by statute, ordinance, or contract.
 In Ohio, the commercial lessor's liability is governed by traditional common law principles. Under the common law, one having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises. The lessor who does not retain the right to admit or exclude others from the premises has generally not reserved the degree of possession or control necessary to impose liability for the condition of the premises.
(Citations omitted.) Hendrix v. Eighth And Walnut Corp. (1982),1 Ohio St.3d 205, 207. Valley City supported this argument by pointing to the deposition testimony of its property manager, Bernice Logar. Ms. Logar testified that, as far as she knew, Valley City had made no agreements with any of its tenants to maintain the gas furnaces.
In opposition to Valley City's motion for summary judgment, Heritage and Engine Works did not point to any agreement between Valley City and Servpro that Valley City had the responsibility of maintaining the furnace. Instead, they asserted that the Ohio Building Code requires owners of buildings to maintain the mechanical systems within their buildings and Valley City failed to comply with certain regulations. They supported this argument with specific citations to the building code and an expert opinion that Valley City had failed to comply. Heritage and Engine Works failed to cite any authority, however, for their implicit argument that a commercial lessor's failure to comply with the building code results in liability in tort.
Although a tort duty may be established by legislative enactment, the Ohio Supreme Court has stressed that the Ohio Building Code is a compilation of administrative rules, not a legislative enactment.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 567-568. Consequently, the rules set forth in the building code do not establish tort duties and a violation of the building code is not negligence perse. See id. at 568. In the specific context of a commercial lessor, the Supreme Court has held that a city building code requiring owners of buildings to maintain elevators does not impose "civil liability in tort on the lessor of a building[.]" Kauffman v. First-Central Trust Co. (1949), 151 Ohio St. 298, 305-306. See, also, id. at paragraph two of the syllabus. The commercial lessor's duty was established by the common law. See id. at 306.
The evidence submitted by Heritage and Engine Works failed to establish that Valley City had any duty to maintain the heater in the commercial premises it leased to Servpro. Therefore, Valley City was entitled to judgment as a matter of law and summary judgment in its favor was appropriate. The fourth assignment of error of Heritage and Engine Works is overruled.
The third assignment of error is sustained. The fourth assignment of error of Heritage and Engine Works is overruled. The remaining assignments of error are moot and need not be addressed. The judgment of the trial court for Valley City is affirmed. The judgment for Modine and Servpro is reversed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ______________ LYNN C. SLABY
BAIRD, P.J. CONCURS