DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order granting summary judgment issued by the Ottawa County Court of Common Pleas to defendants in a wrongful death suit. We affirm because appellants have not produced evidence showing a breach of duty.
 {¶ 2} On the evening of July 10, 2000, 36 year-old Brenda Conner went to the home of her friend, Julaine Sebastiano, in Port Clinton. She arrived around 10:00 p.m. Appellee, Kevin Sebastiano, stated in his deposition that he was asleep inside the house and unaware that his wife had a guest. The women consumed an unknown amount of alcoholic beverages. Appellee said his wife later told him Conner had brought over a bottle of tequila. According to Julaine Sebastiano's statement to her insurance adjuster, the women decided to sit in the Sebastianos' hot tub.
 {¶ 3} After a period of time, perhaps an hour, Julaine Sebastiano saw Conner slip under the water. Julaine Sebastiano pulled her partly out of the water and screamed for her husband Appellee awoke, came outside and pulled Conner from the hot tub. Appellee called 911 and his wife began CPR. An Ottawa County Sheriff's deputy was first to arrive on the scene at around 2:46 a.m., followed a few minutes later by the Port Clinton EMS. They took Conner to Magruder Hospital in Port Clinton. Her core temperature, taken at 3:22 a.m. at the hospital, was 104.7°F. She was pronounced dead at 3:25 a.m.
 {¶ 4} At the Sebastiano residence, the sheriff's deputy noticed an odor of alcohol, a small brown paper bag in the grass and a plastic cap that may have belonged to a liquor bottle on the deck. A detective arrived at the scene at 3:29 a.m. The detective noticed a twelve-pack of beer with five cans missing. Julaine Sebastiano appeared visibly intoxicated to him. The deputy and detective examined the hot tub and found the jets were still operating, and the display panel indicated the water temperature was 102°F. Only half of the hot tub cover had been folded back. The detective took pictures of the area around the hot tub.
 {¶ 5} The coroner performed an autopsy on Conner, determining her cause of death to be hyperthermia with the significant condition of acute alcohol intoxication.
 {¶ 6} Conner's husband, appellant, James Conner, filed a complaint individually and as executor of her estate against appellees Kevin Sebastiano and Julaine Sebastiano. The estate of Julaine Sebastiano was substituted as a defendant after her death from an unrelated illness. In the complaint, appellant alleged that appellees breached a duty to maintain their hot tub in a safe condition and failed to warn Conner of the dangerous temperature of the hot tub. Following discovery, appellees filed a motion for summary judgment. The trial court granted the motion and this appeal followed.
 {¶ 7} Appellants make the following assignments of error:
 {¶ 8} "1. The trial court erred prejudicially by misconstruing and limiting plaintiff's [sic] claims, thereby failing even to evaluate or consider plaintiff's [sic] claim that defendants were negligent by creating an unreasonably dangerous condition by maintaining the water in their hot tub at a temperature of at least 104°F.
 {¶ 9} "2. The trial court prejudicially erred by failing to acknowledge, address or otherwise consider and failing to credit plaintiff's [sic] evidence creating a genuine issue of disputed facts as to whether defendants breached their duty of care.
 {¶ 10} "3. The trial court prejudicially erred by failing to consider circumstantial evidence and failing to draw any reasonable inferences in favor of the non-moving party.
 {¶ 11} "4. The trial court prejudicially erred by finding that Brenda K. Conner was a `trespasser' to whom a property owner (defendant, Kevin Sebastiano) owed no legal duty of care, notwithstanding that the property owner's wife/co-habitant had expressly invited the Brenda K. Conner onto the premises as a social guest."
 {¶ 12} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 {¶ 13} "* * * (1) that there is a no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, Civ.R. 56(C).
 {¶ 14} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248.
 {¶ 15} Appellants' claim is for negligence. "To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom." Feldman v. Howard (1967), 10 Ohio St.2d 189, 193
quoting Kauffman v. First-Central Trust Co. (1949),151 Ohio St. 298, 306.
 {¶ 16} The scope of legal duty a landowner owes an entrant is defined by the status of the person entering the land Gladon v.Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315 citing Shump v. First Continental-Robinwood Assoc.
(1994), 71 Ohio St.3d 414, 417.
 {¶ 17} Appellants contend that appellees breached the duty of care they owed to Conner. Appellants allege that they should have warned Brenda Conner of the risk of hyperthermia. The assignments of error made by appellants will be dealt with together because they all relate to whether summary judgment to appellees was proper.
 {¶ 18} To qualify as a social guest, the host must have invited and been aware of a guest on the property. Mason v.Hayes (Dec. 7, 1977), Stark App. No. 4692.
 {¶ 19} Julaine Sebastiano invited Conner into her home as a social guest.
 {¶ 20} "A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus.
 {¶ 21} It can never be known if Julaine Sebastiano warned Conner of the danger of hyperthermia. Both women are deceased. Julaine Sebastiano was not asked if she warned Conner in her statements to police or her insurance adjuster. There is no issue of material fact regarding the duty of Julaine Sebastiano because it is not possible to prove that on that night she did not warn Conner.
 {¶ 22} Appellants assert that the trial court erred in concluding that Conner was a "trespasser" as to appellee, Kevin Sebastiano. Even though the word "trespasser" is not used in the trial court opinion, this is the correct legal description for Conner's status with regard to appellee. A host does not have a duty to warn a social guest of a dangerous condition unless the host is conscious that the guest is on the premises. A person "on the host's premises without invitation and absent the knowledge of the host, * * * as a matter of law, is not a social guest but rather a trespasser." Mason v. Hayes (Dec. 7, 1977), Stark App. No. 4692.
 {¶ 23} In Veliz v. Morales (May 30, 1984), Lorain App. No. 3594, the Ninth District Court of Appeals considered a case where a guest of the wife was injured when he fell into a pit in the garage that had been left uncovered by her husband The wife did not know of the condition and she did not know her guest had entered the garage, so she had no duty to warn. She was also not liable if her husband was negligent for the reason that under R.C. 3103.08, a person is not answerable for the acts of their spouse.
 {¶ 24} In his answers to interrogatories and his deposition, Kevin Sebastiano states that he was asleep in the living room before Conner arrived. He was not aware that she had been invited by his wife that evening. There is no evidence that he knew of Conner's presence before she lost consciousness. Therefore, he had no duty to warn Conner of the danger of hyperthermia because he did not know she was using the hot tub. If his wife was negligent in failing to warn Conner, appellee is not liable for his wife's actions. There is no legal liability where there is no existence of a duty. Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142.
 {¶ 25} Finally, appellants' assertion that the hot tub temperature was unreasonably dangerous does not accurately state the duty of care owed to Conner. Since Conner was a trespasser to appellee, Kevin Sebastiano, he did not have a duty to warn her of hyperthermia. His only duty was to refrain from reckless, willful or wanton conduct likely to injure a trespasser. Soles v. OhioEdison Co. (1945), 144 Ohio St. 373, paragraph one of syllabus. The spa owner's manual says temperatures between 100°F and 104°F are safe for a healthy adult for a period up to 15 minutes. Furthermore, all the diagrams in the hot tub documentation display the temperature setting as 104°F. According to the deputy sheriff who investigated the scene shortly after Conner's death, the temperature of the hot tub was set at 102° F. Appellants have not produced evidence that the temperature of the hot tub was not 102° nor that the presence of a hot tub on the property with a temperature of 104°F or higher is reckless, willful or wanton conduct.
 {¶ 26} Appellants' four assignments of error are not well-taken. On consideration, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellants.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., concur.