Joyce RODEHEAVER, Plaintiff,

v.

SEARS, ROEBUCK AND COMPANY, a Corporation, Defendant and Third-Party Plaintiff,

v.

THE CLEVELAND TRUST COMPANY, as Trustee under written agreement dated January 26, 1935 wherein Ida N. Weil, Nora Hays, Will S. Halle, Eugene S. Halle and George Hays are First Parties, and said Trust Company is Second Party, Third-Party Defendant and Fourth-Party Plaintiff,

v.

The NEMEC & UDELL CONSTRUCTION COMPANY, Fourth-Party Defendant.

Civ. A. No. C 62-33.

United States District Court
N. D. Ohio, E. D.
Feb. 14, 1964.

Franklin A. Polk, Cleveland, Ohio, for plaintiff.

Michael R. Gallagher, Hauxhurst, Sharp, Cull & Kellogg, Cleveland, Ohio, for Cleveland Trust Co.

James C. Sennett, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for Sears Roebuck & Co.

CONNELL, Chief Judge.

On June 29, 1960, the plaintiff entered the Sears and Roebuck store at 14922 St. Clair Avenue in Cleveland, Ohio. While she was shopping there the ceiling allegedly gave way and descended upon her, burying her in debris. In December of 1961, she filed an action in Common Pleas Court against Sears and Roebuck; the defendant, a New York corporation with its principal place of business in Illinois, removed to this Court on the basis of diversity. Defendant Sears then impleaded its lessor, The Cleveland Trust Company, which is acting as trustee for the beneficial owners of the property. By this motion, the third-party defendant seeks to implead yet another possible wrongdoer—the construction company which put up the building. Counsel for Sears objects to the motion on the ground that it is not timely, and it may result in duplicate discovery procedure so time-consuming as to delay the trial beyond this term.

The movant was made a party to this action in July, 1962 and filed its separate answer in April of 1963; since that time, the action has been at issue, yet this motion was not brought for seven months. Moreover, it was brought *four* days before the scheduled pre-trial conference. Apparently the bank was waiting for Sears to develop by discovery a theory of liability by which the bank might be held; thus some delay in bringing this motion is excusable. However, the Court cannot condone a seven-month wait which terminates on the eve of a pre-trial proceeding.

It is admitted that this is a likely case for implementation of Rule 14. The third-party defendant, out of possession and control for thirty years, can be held liable, in the absence of a statutory or contractual duty, only upon proof of constructional defects or a deleterious condition which the lessor knowingly concealed at the time control was surrendered to the tenant. Berkowitz v. Winston, 128 Ohio St. 611, 193 N.E. 343

(1934); Hess v. Devou, 112 Ohio St. 1, 146 N.E. 311 (1925). Thus, it is possible that the liability may be passed on to the fourth party defendant should the accident be related to culpable neglect in the construction of the building. Of course, the possibility then arises that the construction firm will seek to implead the architect who drew the plan or the engineer or a subcontractor or a supplier. Where does the list of indemnitors end? Where lies the line of demarcation between the policy of avoiding circuitous litigation and the policy of swift, orderly administration of justice? The former must yield to the latter in this case.

■ The granting of leave to implead rests in the discretion of the Court, and the timeliness of the motion is an urgent factor governing the exercise of such discretion. General Electric Co. v. Irvin, 274 F.2d 175, 178 (6th Cir. 1960); Merritt-Chapman & Scott Corp. v. Frazier, 289 F.2d 849, 856 (9th Cir. 1961); Casey v. Calmar S.S. Corp., 138 F.Supp. 751 (D.C.Del. 1956). Though the delay in moving in these cases evidenced inexcusable neglect, and impleader was denied when sought on the eve of trial, the effect upon the parties here is equally prejudicial when the delay is partly excusable and the motion is sought just before pretrial. If this motion were to be granted, the new party would be entitled to: (1) object to impleader, (2) move to dismiss, (3) depose parties and witnesses, (4) propound interrogatories and seek other discovery advantages. In short, the trial of this case probably would not be held this term.

■ The motion requires a delicate balancing of the worthy interests. The movant wishes to avoid duplicative litigation by bringing all possible parties before the Court; those already before the Court are entitled to a reasonably expeditious adjudication. Since the movant is at least partly culpable in not moving sooner, his interest weighs less favorably.

Motion overruled.