Nicole DIAR, Minor, et al., Plaintiffs,

v.

GENESCO, INC., et al., Defendants.

Civ. A. No. C82–2813.

United States District Court,
N.D. Ohio, E.D.

July 18, 1984.

Michael Sanson, Penca, Sanson & Gammons, Cleveland, Ohio, for plaintiffs.

William A. Viscomi, Albert J. Knopp, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before this Court is defendants' Motion for Leave to File a Third Party Complaint, naming Bic Corporation of Milford, Connecticut ("BIC") as a defendant, in this personal injury action. Upon consideration, the Motion is denied.

### I.

The plaintiffs, Nichole Diar and her parents, residents of Ohio, brought this diversity action against the defendants, Genesco, Inc. ("Genesco") and Greensboro Manufacturing Company ("Greensboro"), corporations organized under the laws of the state of Tennessee and New York, respectively. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Subsequently, the Diars amended their complaint to include Cone Mills Corporation ("Cone"), of New York, as a third defendant.

Nicole and her parents allege that Nicole was severely burned when her nightgown burst into flames after it was accidentally ignited by a lighter operated by her younger brother. The Diars further allege that Genesco and Greensboro manufactured and designed Nicole's nightgown, while Cone allegedly sold and distributed the fabric from which it was made.

The Diars claim that the nightgown was defective and dangerous. Nicole seeks $10 million in compensatory damages and $20 million in punitive damages; her parents seek $2 million in compensatory damages and $5 million in punitive damages, plus interest, costs, and attorneys' fees.

### II.

#### A.

■ The defendants' Motion for Leave to File a Third Party Complaint is denied as untimely. Fed.R.Civ.P. 14(a) permits the filing of a third party complaint as a matter of right, within ten (10) days after the defendant serves his original answer. Thereafter, the defendant must obtain leave of court. Generally, leave to amend is freely granted, especially when the motion is made in good faith and in the interest of justice. *Mountain Pride Farms v. Dow Chemical Co.*, 95 F.R.D. 400 (S.D.N.Y.1982); *State Mutual Life Assurance Co. v. Arthur Andersen*, 65 F.R.D. 518 (S.D.N.Y.1975). However, discretion to grant such a motion rests with the court, and the timeliness of the motion is an important factor. *Rodeheaver v. Sears, Roebuck & Co.*, 34 F.R.D. 488 (N.D.Ohio 1964).

The defendants claim that the motion is timely because they were not aware of the lighter and its relationship to the alleged accident until the deposition of Mr. Diar, in February of 1984. Their arguments are not persuasive. The original complaint, filed on October 18, 1982 stated that the nightgown was ignited by a lighter. The amended complaint, filed August 12, 1983, naming Cone Mills as an additional defendant, also contained information about the lighter. Two sets of interrogatories propounded by the defendants included questions about the lighter which were answered by the plaintiffs in August and November of 1983, respectively. The cross-claim by Genesco and Greensboro, against Cone,

filed on October 19, 1983, contained a copy of the original complaint, which stated that a lighter ignited the nightgown.

The defendants delayed deposing the plaintiffs until February of 1984, a year and a half after the original complaint was filed. At this deposition the defendants asked Nicole's father additional questions about the lighter, and received information which they now, five months later, contend supports the filing of a third party complaint. The defendants concede that the deposition did not clearly establish anything about the lighter. Yet, the information piqued defendants' interest enough for them to suggest that the Diars file another amended complaint and add Bic as an additional defendant. When the Diars declined, the defendants failed to take any further action until May, when they asked the Diars to produce for inspection a lighter similar to the one that allegedly ignited the nightgown. The defendants have known for nearly two years that the burned nightgown which allegedly injured Nicole was ignited by a lighter; yet they waited until the eve of the discovery cut-off date to move for leave to file a third party complaint. Granting the motion and allowing a fourth defendant to enter the case, when the trial is scheduled less than six weeks away, will surely cause delay of the proceedings and a postponement of the trial date.

B.

■ A motion for leave to file a third-party complaint requires a delicate balancing of interests. *Rodeheaver*, 34 F.R.D. at 490. Competing interests including the avoiding of duplicative litigation versus ensuring that parties already before the Court receive reasonably expeditious adjudication. *Id.* At the pretrial held on January 20, 1984, when this Court established a schedule for the completion of discovery, the filing of motions, and the setting of a trial date, the defendants gave no indication that a third party complaint was contemplated.

Adding another defendant at this point would require the reopening discovery.

Clearly, granting defendants' motion will deprive the Diars of their hope of receiving reasonably expeditious resolution of their case. Since the defendants are responsible for the untimeliness of the motion, their interests weigh less favorably. *Rodeheaver* at 490; *Delco Wire and Cable Co. v. Keystone Roofing Co.*, 80 F.R.D. 428 (D.Pa.1978).

C.

■ Delay of the trial might be warranted if the defendants demonstrated that the interest of judicial economy would be better served by adding a fourth defendant, or if they showed that they would be unfairly prejudiced by the absence of the third party defendant. In order to prevail on a motion under Fed.R.Civ.P. 14(a), the defendant must make some showing that the proposed third party defendant may be liable to the movant. The defendant need not show that recovery is a certainty. *Mountain Pride Farms*, 95 F.R.D. at 402 n. 2.

■ In this case, this Court is hard-pressed to discover what liability BIC may have to the defendants. The defendants, who are in the garment industry, are accused of manufacturing, distributing and selling defective children's sleepwear which was dangerously flammable. Their alleged fault lies in not taking adequate precautions to insure that children's sleepwear would not easily ignite when near flame or heat. The defendant's proposed third party complaint does not indicate how BIC might be responsible for their failure, if any, to adequately treat Nicole Diar's nightgown with a flame retardant. Rather, the defendants suggest that the lighter's flame adjustment mechanism may have been defective, and allegedly may have allowed the flame from the lighter to reach dangerously high levels. If the allegations are true, they may form the basis for a claim against BIC by the Diars. However, the defendant garment manufacturers have not indicated what duty BIC may have had to them, which BIC may have breached. In determining whether to allow the third party complaint, this Court must consider whether adding BIC will

complicate the trial by adding collateral issues which may or may not be relevant. *See e.g. Mountain Pride Farms*, 95 F.R.D. at 401. This Court fails to see the relevancy of the operation of a lighter to the question of whether children's sleepwear is or is not negligently manufactured.

In other cases where leave to file a third party complaint has been granted, the defendant has alleged some relationship between it and the proposed third party defendant, or has alleged that a duty is owed by one to the other. *See Mountain Pride Farms*, 95 F.R.D. 400. The defendants here have not alleged any such relationship or duty.

For the aforementioned reasons, the Motion for Leave to File a Third Party Complaint is denied.

IT IS SO ORDERED.